THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HELEN HARRIS, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, August 22, 1928.

**Crimes — wayward minor in violation of Code of Crim. Proc. § 913-a — appellant was arrested with two other women without warrant — other women were charged with vagrancy — appellant should not have been tried with other women — not necessary to issue summons or warrant, under Code Crim. Proc. § 913-b — appellant being twenty years of age cannot be placed on probation, under Code Crim. Proc. § 913-c.**

The appellant and two other women were arrested without a warrant or summons. The appellant was charged with being a wayward minor in violation of section 913-a of the Code of Criminal Procedure, while the other women were charged with vagrancy. It was error for the court to try the three women together, for the appellant was accused of a different offense from that charged against the other women, and the mere fact that the arrests grew out of the same transaction did not give the magistrate the right to try the three together.

The judgment cannot be reversed on the ground that the arrest was summary and was made without a summons and warrant as provided by section 913-b of the Code of Criminal Procedure, for the magistrate had jurisdiction of the person of the appellant and the subject-matter of the complaint, and it is immaterial that she was not brought before the court in the manner specified in that section.

*It seems,* also, that the magistrate did not have power to place the appellant on probation, under section 913-c of the Code of Criminal Procedure, for she was at the time of her conviction twenty years of age, and that section specifically provides that a wayward minor cannot be placed on probation during any part of the last year of his or her minority.

APPEAL from an adjudication of a magistrate wherein the appellant was found to be a wayward minor.

*Cohen & Haas,* for the appellant.

*Joab H. Banton, District Attorney,* for the respondent.

KERNOCHAN, J. This is an appeal from an adjudication of a magistrate wherein the appellant was found to be a wayward minor. The appellant was placed on probation for one year.

The first two points raised by the appellant are: (1) That the trial court erred in compelling the appellant to go to trial with other defendants charged with separate and distinct crimes; (2) that the trial court had no jurisdiction to try the appellant, accused of being a wayward minor, because she was brought before the court by means of a summary arrest and not by the issuance of a summons or warrant as prescribed by section 913-b of the Code of Criminal Procedure.

The appellant was arrested with two other women. Complaints

of vagrancy (prostitution) were made against these two women, and the charge of being a wayward minor (Code Crim. Proc. § 913-a) was made against the appellant.

The magistrate proceeded to try all three complaints together. Before any testimony was taken the attorney for the appellant objected to this procedure on the ground that the charge against the appellant was different from that made against the other two defendants. His objection being overruled he took an exception, thus bringing this question directly before this court.

As the trial court had jurisdiction to render a final judgment, it does not differ from cases prosecuted by indictment or information, and the defendant was entitled to all of the safeguards surrounding such trials, especially as a conviction might have resulted in incarceration in a reformatory for an indeterminate period of as long as three years. I have not been able to find any cases in this State deciding this question but Corpus Juris (vol. 16, § 647, p. 354) says: " Joinder of parties and offenses and duplicity. Under some statutes charges for different offenses may be tried together, and a justice of the peace or a magistrate has jurisdiction to try a misdemeanor case, although several counts, each charging a separate offense, are united in the same complaint, providing the offenses are all of the same general nature, and each, taken separately, is within the limits of his jurisdiction. So several defendants guilty of the same or analogous offenses may be joined in one complaint. *But a joint complaint against and conviction of several persons for offenses individually separate and distinct, although all against the same statutory provsision, are illegal.*"

In the case before us the appellant was tried at the same time as two other defendants and she was accused of a different offense. The only justification that the magistrate gave for this procedure was that the arrests grew out of the same transaction.

The complaint accused the appellant of associating with dissolute persons and her trial jointly with two women accused of prostitution could not but militate against her. For this reason I think that the judgment should be reversed and a new and separate trial granted the appellant.

The second ground for reversal is that the summary arrest of the appellant did not give the magistrate jurisdiction to try her, as the provisions of section 913-b of the Code of Criminal Procedure as to the issuance of a summons or warrant were not complied with.

If this were the law such limitations on the power of the magistrate to try these cases would tend to nullify the object which this statute was designed to accomplish, namely, the protection

and reformation of young girls. Fortunately the general rule in this State is that the jurisdiction of the court is not impaired by the manner in which the accused is brought before it. (*People v. Eberspacher*, 79 Hun, 410; *People v. Iverson*, 46 App. Div. 301; *People v. Harmer*, 75 Misc. 399; *People v. Cuatt*, 70 id. 453; *People v. Jeratino*, 62 id. 587.)

The case of *People ex rel. Lawton v. Snell* (216 N. Y. 527) would seem to oppose this general rule. It was, however, decided by a divided court and the reasoning in the dissenting opinions of SEABURY and POUND, JJ., cannot be dismissed lightly. This case may also be distinguished from the others when we take into consideration that there was a divergence of jurisdiction between two counties, and that the appellant in that case was deprived of his right to give a bond, the giving of which would have ousted the court that issued the warrant of jurisdiction.

In the case at bar the magistrate had jurisdiction of the person of the defendant and the subject-matter of the complaint, and, therefore, following the general rule in this State, had jurisdiction to try the case and render the judgment appealed from even though the appellant was brought before the court by a summary arrest.

The trial of the appellant with the two women accused of prostitution having taken place over the objection and exception of the appellant's attorney, the judgment of conviction must be reversed on the law, the facts not having been examined.

Another point not raised by the appellant, but which I deem important, is that having adjudged the appellant a wayward minor, the magistrate should not have placed her on probation. The evidence shows that the appellant was twenty years of age. She was, therefore, in the last year of her minority. Section 913-c of the Code of Criminal Procedure, which permits the magistrate to place a wayward minor on probation, reads as follows: " Any person adjudged a wayward minor before commitment to an institution shall, so far as practicable, be placed on probation for a period not to exceed two years, *and in no event during any part of the last year of his or her minority,* subject to the provisions of law applicable to persons placed on probation."

It would seem from the wording of this section that in the case of a minor in the last year of minority no power is given to the magistrate to place on probation.

Judgment reversed. New trial ordered.

Present — KERNOCHAN, HERBERT and FETHERSTON, JJ.