THE PEOPLE OF THE STATE OF NEW YORK ex rel. LUCY DEORDIO, Respondent, v. LEO J. PALMER, as Superintendent of the New York State Reformatory for Women at Bedford, Appellant.

Second Department, October 10, 1930.

*Adelbert W. Bailey,* Deputy Assistant Attorney-General [*Hamilton Ward,* Attorney-General, with him on the brief], for the appellant.

*Elias Feinsod* [*Irving W. Weinblatt* with him on the brief], for the respondent.

HAGARTY, J. The relator, who was sixteen years of age on the 23d day of April, 1929, was sentenced and committed to the New York State Reformatory for Women at Bedford, N. Y., for an indeterminate period not to exceed three years, by a warrant issued on the 16th day of September, 1929, by one of the city magistrates of the city of New York.

The question for determination is whether or not this girl was properly convicted as a wayward minor and regularly committed to the Bedford Reformatory. In my opinion, she was neither legally convicted nor regularly committed.

The return to the writ made by the defendant is to the effect that the relator was received by the New York State Reformatory for Women at Bedford Hills on the 17th of September, 1929, and is at the institution pursuant to a judgment of the City Magistrates' Court of the City of New York, dated the 16th day of September, 1929, committing her to that institution as a wayward minor. To the return is annexed the warrant of commitment. This warrant recites that the relator was " duly charged with being a Wayward Minor, who has been wilfully disobédient to the reasonable and lawful commands of her parents and in danger of becoming morally depraved therefrom in violation of section 913-a of the Code of Criminal Procedure, was duly arraigned on said charge and was duly informed of her rights under the law; and whereas said charge having been duly established by the confession of the defendant on her plea of guilty. And the said person having been duly adjudged a Wayward Minor of the age of 16 years * * *, and it further appearing that the said person is not a fit subject for probation " was sentenced to the Bedford Reformatory, as I have stated.

The law is not only zealous in the protection of the civil rights of infants but has a special regard for the moral care, training and guidance of children. It has, therefore, made specific provision for "Proceedings Respecting Wayward Minors," to quote the heading of title VII-A of part VI of the Code of Criminal Procedure, added by chapter 868 of Laws of 1923, as amended by chapter 389 of the Laws of 1924, chapter 389 of the Laws of 1925, and chapter 106 of the Laws of 1929. Prior to that time this method of reform was unrecognized, and was not recognized for willful disobedience of parents, etc., until 1924. Until 1925 the statute only applied to females between the ages of sixteen and twenty-one. The title consists of four sections — 913-a, b, c and d, the first three of which only need be considered.

Section 913-a, in so far as it is material here, provides that "Any person between the ages of sixteen and twenty-one who * * * is wilfully disobedient to the reasonable and lawful commands of parent, guardian or other custodian and is morally depraved or is in danger of becoming morally depraved may be deemed a wayward minor."

Section 913-b provides that "Such person, *where the charge is established upon competent evidence upon a hearing,* may be so adjudged by any magistrate, other than a justice of the peace. * * *." The specific procedure is prescribed by said section.

Section 913-c provides that "Any person adjudged a wayward minor before commitment to an institution shall, so far as practicable, be placed on probation for a period not to exceed two years, and in no event during any part of the last year of his or her minority, subject to the provisions of law applicable to persons placed on probation. If such minor, by reason of previous delinquency or other adequate reason, is not a fit subject for probation, he or she shall be committed to any religious, charitable or other reformative institution authorized by law to receive commitments of persons over the age of sixteen years. Such commitment shall be for an indeterminate period not to exceed three years and if to a religious institution, so far as practicable, to one that is governed by persons of the same religious faith as such minor."

Upon the return of the writ, the learned trial justice took the testimony of the relator, which was the only testimony offered by either side to this controversy. Her testimony, in my opinion, does not disclose that she is irretrievably lost. She graduated from a parochial school and then attended a business school for two years. At the time she was committed she was employed, earning from twenty dollars to twenty-five dollars per week. Because of a dispute with her parents, when she received her money on one

" pay day " she and a girl companion rented a furnished room in a furnished room house. When their money gave out her companion went home, but she, fearing to go home, went to the home of another girl companion, where she stayed for two nights, when she was taken to court by her father. It is true that she testified that she had run away before, but this is not exceptional in children of her age. To my mind, at least, it does not establish moral depravity as contemplated by the statute. She testified that she did not " run around with boys " and that she was " a good girl." She promised the benign justice that, if released, she would never leave home again. At the close of the testimony the court inquired of the Attorney-General: " Will it be admitted of record that this girl is a good girl? " to which counsel replied: " I make no claim as to that. I am forced to stand on the regularity, which I believe is entirely regular." The witness further testified that when her case was called by the magistrate no testimony whatsoever was taken. The magistrate asked her no questions. She did not plead guilty, but " the Judge said ' Guilty.' And sent me to the Bedford Reformatory."

Under the law as I have quoted it, a wayward minor is not a criminal but is one who is " wilfully disobedient to the reasonable and lawful commands of parent, guardian or other custodian and is morally depraved or is in danger of becoming morally depraved." (Code Crim. Proc. § 913-a.) But this may be adjudged under the law (Code Crim. Proc. § 913-b) only " where the charge is established upon competent evidence upon a hearing."

There is no claim by the learned Attorney-General that there was a hearing before the magistrate. To the contrary, the warrant recites that the charge was established by the confession of the defendant on her plea of guilty. This is contrary to the provisions of section 913-b of the Code of Criminal Procedure, to which I have referred, which provides that the charge must be established, not by a plea of guilty, but " upon competent evidence." That this is a wise provision of law cannot be doubted. It contemplates and provides that such infant may be adjudged wayward, not upon his or her plea, as to a charge of crime, but upon competent evidence adduced at a hearing. It is clear from the nature of the proceedings, that a hearing is essential, not only to a valid adjudication, which involves moral depravity or danger of becoming morally depraved, but to a regular commitment. The law further provides (Code Crim. Proc. § 913-c) that a person so adjudged shall, " so far as practicable," be placed on probation subject to the provisions of law applicable to persons placed on probation. But that " If such minor, by reason of previous delinquency or other adequate

reason, is not a fit subject for probation, he or she shall be committed to any religious, charitable or other reformative institution authorized by law to receive commitments of persons over the age of sixteen years." Surely, these issues and questions could not be determined upon a plea of guilty. The determination of them required the taking of testimony. There is no claim in this case that " previous delinquency or other adequate reason " was established by any proof justifying the commitment to the Bedford Reformatory. In any event, the question of previous delinquency was not involved in the charge and could be determined only upon a hearing.

The order should be affirmed.

LAZANSKY, P. J., RICH and YOUNG, JJ., concur; CARSWELL, J., dissents.

The vote of this court upon the decision handed down on June 26, 1930, is hereby amended so as to read as follows: Order sustaining writ of habeas corpus and discharging relator from custody affirmed.