THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANNA PELTZ, Relator, *v.* SIDNEY BREWSTER, as Warden of the Second District Prison of the City of New York, Defendant.*

Supreme Court, New York County, January 30, 1931.

*John McKim Minton,* for the relator.

*Thomas C. T. Crain, District Attorney [Felix C. Benvenga, Assistant District Attorney,* of counsel], for the defendant.

*John J. Bennett, Jr., Attorney-General [Henry Epstein, First Assistant Attorney-General,* of counsel], *amicus curiæ.*

LYDON, J.   On May 21, 1930, relator was committed as a wayward minor to the State Reformatory for Women at Bedford Hills for an indeterminate period, not to exceed three years. She was then seventeen years of age. The commitment was made by a city magistrate upon the sworn complaint of the father of relator, and upon her confession on her plea of guilty made to the magistrate. That proceeding was brought under section 913-b of the Code of Criminal Procedure which provides for a commitment in such cases

---

* Revd., 232 App. Div. 1.

" where the charge is established upon competent evidence upon a hearing."

The allegations in the complaint of the father, verified April 15, 1930, on which the relator was brought before the magistrate, were beyond doubt sufficient to show that the relator was a wayward minor as defined by the statute (Code Crim. Proc. § 913-a), and if established by competent evidence upon a hearing would have justified her commitment by the magistrate. An examination of the record shows that the hearing before the magistrate was adjourned several times to permit of an investigation by the probation officer, and a long and comprehensive report was made which confirmed the allegations in the complaint on which the relator was held. It is contended that the confession of the relator was not enough under the statute to justify a commitment, and that the magistrate was, therefore, without jurisdiction to make the order.

If the question were entirely new it would not be free from difficulty, *first*, on the question whether the supposed departure from the terms of the statute constituted a defect in jurisdiction, and *second*, whether there was in reality such a departure. But both of these questions were necessarily determined, though not without dissent, in a decision of the Appellate Division of the Second Department, handed down since the commitment herein, where a writ of habeas corpus was sustained under similar circumstances (*People ex rel. Deordio* v. *Palmer*, 230 App. Div. 397, Oct. 10, 1930). In an earlier case in the same department the opposite result seems to have been reached (*People ex rel. Pagoda* v. *Supt. of Wayside Home*, 217 App. Div. 763, decided in June, 1926). I shall follow the later of these decisions on the points above referred to.

The commitment having been unlawful, the question remains as to the proper disposition to be made of the relator. I am satisfied that she should not be unconditionally released. The relator will be remanded to the custody of the sheriff with directions to him to proceed in accordance with section 227 of the State Charities Law, that is, he will be directed to take the relator before a magistrate to be dealt with in all respects as though she had not been previously committed. Settle order.