In the Matter of HELEN VASKO, an Infant under the Age of Sixteen Years.

Second Department, April 13, 1933.

*Francis R. Fay*, guardian *ad litem*, for the appellant.

*Maurice Zuckert*, amicus curiæ.

HAGARTY, J. The order appealed from adjudges the infant appellant to be a neglected child, as defined by the Children's Court Act of the State of New York, in that the parents have neglected

and refused to provide necessary medical and surgical care for said child.

This appeal presents, primarily, the right of the State, in a proper case, to assume the discharge of duties of parents or guardians in matters involving the life, health and physicial welfare of their children or wards when it appears that the parents or guardians, through ignorance, fanaticism or for arbitrary reasons, have become derelict in their duty and failed to perform it. As a necessary corollary, the further question presented is whether the parents were neglectful in this case, and, if so, whether proper discretion was exercised by the learned judge of the Children's Court of Westchester County, if it be determined that such right exists in the State.

" The law is not only zealous in the protection of the civil rights of infants but has a special regard for the moral care, training and guidance of children," as was written in *People ex rel. Deordio* v. *Palmer* (230 App. Div. 397); but its beneficence extends also to conservation of the health of children, their physical well-being, as well as to the preservation of their lives. If parents or guardians neglect their duty in respect to any one of those obligations, the State in its wisdom, through its laws, intervenes. While the question now before us has never been presented to an appellate court in this State in so far as I am able to determine, power in the court to act rests upon ample authority.

Prior to the adoption of the Children's Court Act of the State of New York in 1922, resting upon constitutional edict, there existed no affirmative statutory power to exercise direct control over the physical welfare of a child. Action was indirect, by punishment of those vested with responsibility for neglect of the health of children in failing to furnish medical attendance when needed, in violation of the Penal Law. (See *People* v. *Pierson,* 176 N. Y. 201.) Such a law remains upon our statute books (Penal Law, § 482) and provides that one who, under a duty to furnish medical or surgical attendance to a minor, willfully omits to perform that duty is guilty of a misdemeanor. That provision of the Penal Law is not inconsistent with the act controlling here, which goes further, and, instead of punishing those guilty of neglecting children, which procedure conceivably might be entirely abortive, permits the State to assume the obligation and responsibility, and in the interest of the child and for its present and future welfare renders unto it the necessary medical or surgical treatment.

The Constitution of the State of New York provides that the Legislature may establish Children's Courts and may confer upon

them such jurisdiction as may be necessary for the correction, protection, guardianship and disposition of delinquent, neglected or dependent minors. (Art. 6, § 18, as amd. Nov. 8, 1921.) Pursuant to that provision of the Constitution, the Children's Court Act of the State of New York was enacted. (Laws of 1922, chap. 547, amd. by Laws of 1930, chap. 393.) The Children's Court Act includes among its definitions of a "neglected child," one whose parent, guardian or custodian neglects or refuses, when able to do so, to provide necessary medical, surgical, institutional or hospital care for such child (§ 2, subd. 4 [e]). Exclusive jurisdiction is conferred upon the Children's Court, in each county therein embraced, of all cases or proceedings involving, among others, neglected children as defined by the act (§ 6, subd. 1 [g]). Said act (§ 24) provides that the court in its discretion may cause any person within its jurisdiction to be examined by a physician appointed for the purpose by the court, and that "Whenever a child within the jurisdiction of the court and under the provisions of this act appears to the court to be in need of medical or surgical care * * * a suitable order may be made for the treatment * * * of such child in its home, a hospital or other suitable institution."

In my opinion the act is constitutional. The infant was properly before the court. The court is authorized in a proper case to make an order directing that a surgical operation be performed upon a child, and the only question remaining is whether or not the discretion of the court was properly exercised in this case. Manifestly, it was the intent of the Legislature to invest the court with wide powers of discretion, to be exercised on the advice of competent medical or surgical authority, uninfluenced by the whims or arbitrary determination of parents or guardians, in advancing the well-being of the child.

Upon the return of the petition made by the Westchester County Society for the Prevention of Cruelty to Children, based upon the diagnosis and recommendation made by the medical authorities of the Grasslands Hospital of the Department of Hospitals, the court took proof. Upon the hearing it was disclosed that the child was of the age of two years, that the hospital diagnosis was glioma of the retina of the left eye, and removal of the eye was recommended. The parents arbitrarily refused to permit the operation, on the ground, as expressed by the mother, that she "would rather have the child as she is now." "God gave her the baby and God can do what He wants." Thereupon, acting under the provisions of the law referred to, the court appointed Dr. Angelo J. Smith, who for many years has specialized in work upon the eye,

to examine the child and report to the court. The report of the doctor's examination confirmed the hospital eye clinic's diagnosis, and was to the effect that the eye is now permanently blind; that the growth is probably of a malignant nature and will increase in size until it fills the eyeball, will then burst through it and protrude between the lids; that in all probability, if left to nature, it will follow the optic nerve into the brain and "there is no doubt the child will die of it." This is indeed a tragic prospect for this child if left unaided by the surgeon's skill. In the opinion of the doctor, the child has an excellent chance of living if operated upon. He testified that statistics show a cure in something like fifty per cent of the cases.

Medicine and surgery are not exact sciences, and the result of an operation may not be foretold with accuracy. Decision must be made, and the parents persist in their refusal to consent. Children come into the world helpless, subject to all the ills to which flesh is heir. They are entitled to the benefit of all laws made for their protection — whether affecting their property, their personal rights or their persons — by the Legislature, the sovereign power of the State. The learned court has acted in this case not only in strict compliance with the law but with scrupulous care and moderation and upon ample and competent proof. His discretion should not be disturbed.

The order of the Children's Court of the County of Westchester should be affirmed.

Present — YOUNG, KAPPER, HAGARTY, CARSWELL and DAVIS, JJ.

KAPPER, J. (concurring). The authority of the court to order essential medical or surgical care of a sick child is pursuant to a valid statutory enactment. Judge CULLEN, in *People* v. *Pierson* (176 N. Y. at p. 212), said that "the State as *parens patriæ* is authorized to legislate for the protection of children." That was stated in a case where a father's refusal to provide or permit recognized medical attendance for his child, who subsequently died because of such neglect, subjected the father to penal punishment. The statute now under review vests power in the courts to see to it that minor children are furnished with necessary medical attendance which is refused or neglected by the parent. With the world-wide recognition of the scientific character of the practice of medicine, we come as near to a stage of certainty in result as is humanly possible. The order should be affirmed.

Order of the Children's Court of the County of Westchester unanimously affirmed.