THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JENNIE SLATER, Appellant.

County Court, Schoharie County, June 16, 1941.

*David B. Alford,* for the appellant.

*J. Ernest Wharton, District Attorney,* for the respondent.

GOLDING, J.   This is an appeal from an adjudication of a magistrate wherein the appellant was found to be a wayward minor violating section 913-a of the Code of Criminal Procedure. She was charged with " habitually associating with dissolute persons " endangering her morals.

She is not accused of a crime, but of a moral weakness and the State fostered the inquiry, for the betterment of the minor, whose steps might be directed along better pathways. (*People ex rel.*

*Deordio* v. *Palmer*, 230 App. Div. 397; *People ex rel. Peltz* v. *Brewster*, 232 id. 1.)

The defendant alleges she should have been brought into court by a summons, instead of a warrant, to grant the magistrate jurisdiction. The general rule in this State is that the jurisdiction of the court is not impaired by the manner in which the accused is brought before it. (*People* v. *Harris*, 132 Misc. 741.)

The law was enacted for the protection and reformation of minors.

The minor urges that her judgment of conviction be reversed and she be discharged upon the grounds:

1. That the magistrate did not take all the testimony of the witnesses on the hearing.

2. That the information fails to allege facts sufficient to constitute the offense charged.

The original and amended returns both show this. The testimony was not taken by the magistrate by question and answer, or in narrative form. The return states, " Testimony given as to health problems and deplorable living conditions in Slater home," also as to Marjorie Lee Johnson's testimony, " Her testimony coincided with that of Mr. Gorse as to conversations with the defendant, conditions in home, etc." This is not the actual testimony of these witnesses.

It is the duty of the justice of the peace to keep, or have kept under his direction, minutes of the testimony taken upon a trial, to the end that his determination as to the facts may be reviewed upon appeal and where a return fails to state sufficiently the evidence upon which a defendant charged with a misdemeanor was convicted and it appears that a further return cannot correct the defect, the judgment of conviction must be reversed. (*People* v. *Giles*, 152 N. Y. 136, 140; *People* v. *Schenkel*, 256 id. 539; *People* v. *Wilkins*, 281 id. 224.)

It is also urged that the court erred in denying defendant's motion to dismiss the information, for failure to allege facts sufficient to constitute the offense charged.

The information does not state the age of the minor or that she is between the ages of sixteen and twenty-one years. Stating that she has violated one of the subdivisions of section 913-a, which defines who is a wayward minor, is not sufficient.

If she was under sixteen years of age and over twenty-one years of age, she could not be summoned as a wayward minor, under this section of the Code of Criminal Procedure.

Where persons have committed acts, wrongs or crimes, the age of the person accused sometimes determines which court has jurisdiction to hear, try and determine it.

In Children's Court the complaint must show the age of the child to be under sixteen years of age, to give it jurisdiction.

In an indictment for rape, second degree, the indictment must show the age of the female raped as under eighteen years of age, or her exact age.

In *People* v. *Trank* (88 App. Div. 294) the defendant was indicted for abandoning " a child under the age of fourteen." The statute then stated " A child under six years of age." The defendant demurred to the indictment as not stating facts that constituted the crime charged. The district attorney, on the trial in County Court, moved to amend the indictment by striking out the word " fourteen " and inserting in lieu thereof the word " six," which motion was granted. The defendant was convicted and the Appellate Division, our department, reversed the judgment of conviction, holding the indictment could not be amended and was insufficient as it did not state the facts, and discharged the defendant.

The information does not state the age of the minor or that she was between the ages of sixteen and twenty-one years, and the omission being jurisdictional, the motion of the minor to dismiss the information, and for her discharge, should have been granted.

Judgment of conviction reversed and defendant discharged.