Theodore Daohenhausen, Jr., J.
Marianne H., mother of Peter H., a physically handicapped child almost 12 years of age, seeks by petition, verified January 11, 1971, an order directing *1098 payment of her son’s tuition at the Adams School, a nonpublic special educational facility located in New York City.
The yearly tuition at said school is in the sum of $3,600 and the State of New York, pursuant to the provisions of section 4407 of the Educational Law, paid $2,000 in the form of a tuition grant on behalf of said child for the school year 1970-71. In this proceeding petitioner seeks payment of the balance of the child’s tuition for the 1970-71 school year ($1,600) plus the full tuition ($3,600) for the 1971-72 school year, or the total sum of $5,200.
The petition was opposed by the County Attorney for Westchester County upon the grounds that special educational services of the type needed by this child were about to be offered by the City of Mt. Vernon Board of Education, commencing in the fall of 1971.
The matter came on for a full hearing on June 16,1971.
The assistant principal of Adams School informed the court that the balance of the child’s tuition for the school year 1970-71 ($1,600) had been covered by an Adams scholarship, leaving open the tuition for 1971-72 school year only.
A board psychiatrist, employed by the County of Westchester Community Mental Health Board, as Associate Director of its Special Children’s Clinic, testified that upon examining the child the clinic diagnosis was entered as organic brain syndrome. This diagnosis indicates a functional impairment in the way the child’s central nervous system is working; a disorder or abnormality in the manner he has developed. Since this testimony was not controverted, the court had no difficulty in determining Peter H. to be a physically handicapped child as defined in subdivision (b) of section 232 of the Family Court Act.
Marianne H., the petitioner, a recipient of public assistance, testified that Peter had been enrolled for over three and one-half years in special education classes conducted by the Mt. Vernon public .school system. It should perhaps be noted here that the Mt. Vernon public schools are not associated with a Board of Cooperative Educational Services. At one time or another, her child was placed in the same class with retarded children, emotionally disturbed children and other children who, for one reason or another were not educable in a regular classroom setting. Whether it was because these special classes lacked homogeneity or perhaps for other reasons which were not disclosed, Peter made practically no educational progress for the entire time he was attending public school in Mt. Vernon. This fact was readily admitted by the superintendent of special education for the City of Mt. Vernon, who also testified that *1099 his department had made plans to set up a special class for brain damaged children in the fall of 1971; that although Title I money for such classes had been appropriated, no teachers had yet been hired; that he could give only a few details of this program but he believed this special class would be adequate to meet Peter’s needs.
In contrast to the foregoing, the testimony of the assistant principal of the Adams School, indicated that Peter has received remedial training in depth — had the services of a special reading teacher and a school psychologist on a regular basis; that he has come to like school, has made remarkable progress at school, has gained a great deal of self-confidence and now is much happier with himself.
Section 13 of article VI of the New York State Constitution delineates the jurisdictional area of Family Court activity. Although there is no specific mention of proceedings relating to physically handicapped children, paragraph (1) of subdivision b confers upon the Family Court jurisdiction over classes of actions and proceedings involving ‘ ‘ the protection, treatment, correction and commitment of those minors who are in need of the exercise of the authority of the court because of circumstances of neglect, delinquency or dependency, as the legislature may determine ’ ’.
In Matter of Vasko, (238 App. Div. 128, 130) the Appellate Division stated: “ Manifestly, it was the intent of the Legislature to invest the court with wide powers of discretion, to be exercised on the advice of competent medical or surgical authority * * * in advancing the well-being of the child. ’ ’
The court was very favorably impressed with the testimony concerning the excellent progress the child has made over the past year at the Adams School, where for the first time it appears he may have finally found his niche.
It has been shown to the court’s entire satisfaction that if this child is ever to be permitted to develop his intellectual potential and succeed in the academic area, it can be accomplished only in a special educational setting. It has been similarly shown that the Adams School can meet these needs. Whether or not the public school system in Mt. Vernon can do likewise in the coming year remains to be determined.
Realizing that the Family Court is under a mandate to act in the best interests of this child, the court cannot permit his entire future to be further jeopardized by gambling on a special educational system that has yet to prove itself. Unfortunately, three and a half precious years have already been wasted, which *1100 fact served to further the court’s resolve not to switch educational horses at this time. A year hence, upon a similar application, and after considering the conclusions and recommendations of a professional evaluation of this special educational program, it may well be that the court would decide this question against the petitioner. At this time, however, there appears no reasonable alternative to opting in favor of .the child continuing his education in the school setting which is at hand and presently achieving good results.
Accordingly, the court sustains the petition and directs that the cost of providing for the special education of said child be paid pursuant to the provisions of section 4403 of the Education Law. Pursuant to this section, an order of the Family Court must be approved by the Commissioner of Education before funds will be applied. When so approved, one half of the cost ($1,800) shall be made a charge against the City of Mt. Vernon, wherein the handicapped child resides; the remaining cost ($1,800) shall be paid by the State of New York. Petitioner’s inability,to contribute to the cost of educating her child is obvious since she is presently receiving public assistance.
Submit order on notice.