■ In the Matter of KEVIN SAMPSON, an Infant. MILDRED SAMPSON, Appellant; WILLIAM TAYLOR, as Commissioner of Health of Ulster County, Respondent.— Appeal from an order of the Family Court of Ulster County, entered January 15, 1971, which granted an application for an order declaring the infant to be a neglected child and ordered that his mother permit him to undergo such surgery as in the judgment of the Commissioner of Health upon the advice of duly qualified surgeons shall be necessary, and during such surgery the surgeons are authorized to administer such blood transfusions as in their judgment may be necessary. This is a neglect proceeding brought on the petition of the County Commissioner of Health alleging that Kevin Sampson, under 16 years of age, is not obtaining proper medical and surgical care. The child suffers from an extensive neurofibromatosis of the face and neck known as Von Recklinghauson's disease. This has manifested itself as a large fold of overgrowth of tissue causing the right eyelid, cheek, corner of the mouth and ear to droop badly. He has had the disease since birth (Jan. 25, 1955) and it has grown progressively worse. Kevin's only parent, his mother, is a Jehovah's Witness and refuses to permit blood transfusions, although she is not opposed to having the recommended surgery performed on her son. The appellant mother contends that it has not been demonstrated or proved that Kevin is a neglected

child. She further maintains that it is a violation of her First Amendment rights for a blood transfusion to be mandated when such is clearly against her religious belief. The law guardian appointed for the infant joins in those contentions. The record also reveals that Kevin is virtually illiterate and has been excused from school because of this facial disfigurement since November 24, 1964. It is conceded that the disease proposes no immediate threat to his life nor has it seriously affected his general health. Neither will surgery cure this disease. The operation cannot be performed without substantial risk and it will require the transfusion of blood. The overwhelming opinion, however, is that the operation should be performed if Kevin is to have anything resembling a normal life. We are confronted here with two basic rights, i.e., the child's right to lead, as far as possible, a normal life and a mother's adherence to sincere religious beliefs. The mother's right to her religious beliefs is inviolate, but her right to practice them is subject to limitations. (*People* v. *Pierson*, 176 N. Y. 201.) Initially a parent has the duty and obligation to provide medical care for a child, but if he neglects that duty the State is authorized to act in his stead. (*Matter of Vasko*, 238 App. Div. 128.) Appellant argues that State intervention is permitted only where the life of the child is in danger by a failure to act. This, in our opinion, is a much too restricted approach. As things now exist, Kevin can never lead a normal life or be of much benefit to himself or society. From an examination of the testimony of the eminent surgeons, an operation will improve Kevin's appearance. Viewing this in light of the testimony of the psychiatrist, or a psychologist, to the effect of the present condition on the boy's behavior it is reasonable to assume that an operation at the present time will have a beneficial effect. There is no guarantee as to the ultimate result of the operation or the effect it will have on Kevin's outlook in the future. On the record as a whole, however, and the reasonable probabilities, we are constrained to agree with the trial court that Kevin should have the operation, provided the surgeons at the time conclude it should be performed. In arriving at our decision we are not unmindful of the fact that the trial court talked with Kevin, saw and heard all of the witnesses and consequently, his discretion should not be lightly regarded. (*Matter of Seiferth*, 309 N. Y. 80, 86.) Under all the circumstances we conclude that Kevin is a neglected child within the meaning of the Family Court Act. (*Santos* v. *Goldstein*, 16 A D 2d 755.) We use the word "neglected" in its limited legal sense within the meaning of the Family Court Act and not that this mother has failed in her duty to her son in any other respect. Order affirmed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Sweeney and Simons, JJ., concur. [65 Misc 2d 658.]