■ In the Matter of FARIDAH W., a Child Alleged to be Neglected. SYLVIA W., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent.—Order, Family Court, Bronx County (Gloria Sosa-Lintner, J.), entered June 28, 1991, finding respondent's daughter, Faridah W., to be a medically and emotionally neglected child pursuant to Family Court Act § 1012 (f) (i) (A) and (B) and placing the child with the Commissioner of Social Services for a period of twelve months in order to permit the Child Welfare Administration to consent to enterocystoplasty surgery, and further ordering respondent to cooperate with the Child Welfare Administration and follow up on all medical treatment when the child is discharged to her care, unanimously affirmed, without costs or disbursements.

Faridah, age 16, was born with spina bifida, which contributed to her having a neurogenic bladder that fails to store and empty urine properly. This led to kidney infections resulting in hospitalizations over a two-year period during which her renal function deteriorated. Bladder augmentation surgery, enterocystoplasty, was recommended, without which renal functioning would continue to deteriorate, resulting in dialysis dependency. Faridah's mother, respondent, refused the treatment because the child's condition had temporarily stabilized and opted to continue monitoring the child and treating her with antibiotics and frequent catheterization. Respondent rarely visited her daughter during a 1990 hospitalization and failed to bring her daughter for follow-up treatments after discharge or, as recommended by hospital personnel, provide psychiatric care for her depression.

A neglect petition was filed and a hearing as to the need for

surgery held, at which medical experts testified, including the Commissioner's expert, who agreed that surgery would eventually be necessary and that the conservative treatment favored by respondent might not prevent further deterioration. Other testimony and medical records supported the need for surgery.

A neglected child is one whose physical and emotional condition has been impaired or is in imminent danger of being impaired as a result of the failure of a parent to exercise a minimum degree of care. (Family Ct Act § 1012 [f] [i] [A], [B].) A parent has a non-delegable affirmative duty to provide a child with adequate medical care, which has been determined to be that degree of care exercised by ordinarily prudent loving parents who are anxious for the well-being of their child. *(Matter of Hofbauer,* 47 NY2d 648, 654-655.) To find medical neglect, there must be a determination that the parent did not seek or accept medical or surgical care, including remedial treatment. *(See, e.g., Matter of Sampson,* 65 Misc 2d 658, *affd* 37 AD2d 668, *affd* 29 NY2d 900.) There must also be a finding that the failure to obtain medical assistance results in impairment of the child's condition or the imminent danger thereof. *(See, e.g., Matter of Cicero,* 101 Misc 2d 699, 700.) In determining whether a parent has provided a child with adequate medical care, courts should consider whether the parent was made aware of the seriousness of the condition and the possibility of a cure if certain treatment is pursued, sought accredited medical assistance, and whether the treatment provided by the parent is recommended by his or her physician and not totally rejected by all responsible medical authority. *(Matter of Hofbauer, supra,* at 656.) Here, respondent was aware of the seriousness of the condition, which, according to medical authorities, would not be ameliorated by a conservative approach of antibiotics and catheterization, and of the recommendation that a bladder augmentation procedure be performed as soon as possible to preserve remaining kidney function and prevent the need for life-long dialysis. Thus, respondent's refusal to consent to the recommended surgery was not based on expert medical opinion, but was, in fact, contrary to it. Respondent also failed to provide an alternate method of treatment, which was reasonable under the circumstances. While we have been informed on oral argument that surgery is not needed at this particular time as the condition has temporarily stabilized, the underlying necessity to monitor the child's condition and continue follow-up treatment remains, with the need for surgery merely post-

poned. Further, we find, as did Family Court, that respondent neglected the emotional needs of her daughter by failing to visit her during most of her extensive hospitalizations and engaging in a systematic pattern of behavior which convinced the daughter that she was unwanted and unloved, resulting in depression and a failure to continue regular therapy. Thus, the court's finding of neglect was proper, as was its direction that the best interests of the child required that she be placed with the Commissioner for a twelve-month period. Concur—Murphy, P. J., Sullivan, Milonas, Ellerin and Smith, JJ.