*300 Order of disposition, Family Court, New York County (Jody Adams, J), entered on or about August 28, 2007, which, upon a fact-finding determination that respondents had abused and medically neglected Samantha M. and derivatively abused and neglected Amanda T., placed the children in the custody of the Commissioner of Social Services, unanimously affirmed, without costs.
Based on the credible testimony of the then two-year-old subject child’s treating physician that her injuries, which included multiple bruises to her face and body and a severe duodenal hematoma, were nonaccidental, coupled with the admission of respondents mother and paramour that each had participated in an elaborate lie to cover up the fact that the latter was alone with Samantha for several hours prior to her hospitalization for her injuries, we find that Family Court’s findings of child abuse and medical neglect were supported by a preponderance of the evidence. The court was entitled to disregard the testimony of respondents’ experts that the child’s injuries were a result of the undiagnosed disease Henoch-Schlein Purpura (see People v Wells, 53 AD3d 181, 191 [2008]), especially since neither expert actually examined her.
As to the finding that respondents medically neglected Samantha, while parents are not required to seek medical attention for every trifling affliction, the court must consider whether an ordinarily prudent parent would have sought medical assistance in the same situation (see Matter of Hofbauer, 47 NY2d 648, 654-655 [1979]; Matter of Faridah W, 180 AD2d 451 [1992], lv denied 80 NY2d 751 [1992]). Here, the evidence established, and both respondents admitted, that the child had been ill for at least two weeks prior to her hospital admission. Even crediting respondent mother’s argument that Samantha vomited “only” four or five times in the two weeks prior to her admission, among other symptoms, we find that this was enough to put an “ordinarily prudent parent” on notice that medical attention was required.
We agree that respondent Christopher T. was a person legally *301 responsible for Samantha within the meaning of Family Court Act § 1012 (g). The evidence established that respondent, who had resided in the household as respondent mother’s paramour for approximately three months prior to Samantha’s hospitalization, was the father of Samantha’s unborn half sibling, picked Samantha up from daycare and took care of Samantha, acted as the functional equivalent of a parent in the household (see Matter of Yolanda D., 88 NY2d 790, 796 [1996]).
Finally, we find that the acts committed by respondents demonstrated an impairment of judgment sufficient to support the derivative findings of abuse and neglect (Matter of Joshua R., 47 AD3d 465 [2008], lv denied 11 NY3d 703 [2008]). Concur— Tom, J.P., Mazzarelli, Saxe, Nardelli and Buckley, JJ.