■ In the Matter of NADIA S., a Child Alleged to be Neglected. RON S. et al., Appellants; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [29 NYS3d 349]—

Order, Family Court, New York County (Susan K. Knipps,

J.), entered on or about February 13, 2015, which, upon a fact-finding determination that respondent parents neglected the subject child, transferred custody and guardianship of the child to petitioner until the next permanency hearing, and directed the parents to comply with various services, consistently visit the child, and keep Administration for Children's Services apprised of their whereabouts, unanimously affirmed, without costs.

Parents have an affirmative nondelegable duty to provide their children with adequate medical care. The level of care required is the "degree of care exercised by ordinarily prudent loving parents who are anxious for the well-being of their child" (*Matter of Faridah W.*, 180 AD2d 451, 452 [1st Dept 1992], *lv denied* 80 NY2d 751 [1992]).

The court properly found that the parents medically neglected the child, who was excessively underweight, by failing to comply with the recommendations of the child's doctor or seek other medical advice, and by not returning the child for diagnosis and treatment for almost six months (*see Matter of Ronald Anthony G. [Sammantha J.]*, 83 AD3d 608 [1st Dept 2011]). The child's doctor testified to the possible long-term consequences of their neglect to treat the child's failure to gain weight.

The court also properly concluded that the child was neglected by the parents by reason of the father's untreated mental illness, which was documented by the records of the hospital where he was involuntarily committed for almost two weeks and which diagnosed that he suffered from psychosis. The mother admitted to a caseworker and hospital staff that she was aware that he was acting strangely, that she did not want him to kiss the child because she was afraid that he might bite the child, and that he engaged in a monologue with himself for two hours, displayed mood instability, and had angry outbursts. Despite this knowledge, she left the child in the father's care while she worked. The court properly drew a negative inference from her failure to testify (*see Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79 [1995]).

The court correctly determined that the child was also neglected by the father's admitted use of marijuana almost every day and his refusal to seek treatment (*see Matter of Elijah J. [Yvonda M.]*, 105 AD3d 449 [1st Dept 2013]).

We have considered the parents' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Moskowitz, Gische and Webber, JJ.