■ In the Matter of Qualiayah J. and Another., Children Alleged to be Neglected. Taneka J., Appellant; Administration for Children's Services, Respondent. [52 NYS3d 95]—Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about July 9, 2015, which, after a hearing, found that respondent mother neglected the subject children, unanimously affirmed, without costs. Appeal from dispositional order, same Court and Justice, entered on or about March 4, 2016, which placed the children in the custody of the Commissioner of Social Services until the next scheduled permanency hearing, unanimously dismissed, without costs, as academic.

The mother's regular, long-term drug use while the children were in her care constituted prima facie evidence of neglect,

and she failed to rebut the statutory presumption by showing that she was participating in treatment (Family Ct Act § 1046 [a] [iii]). In fact, the evidence affirmatively showed that the mother had refused all of the agency's referrals and maintained that she was not addicted to marijuana. The Family Court properly determined that the mother had neglected the children on account of her drug use (*Matter of Nadia S. [Ron S.]*, 138 AD3d 526, 527 [1st Dept 2016] [child neglected due to father's "admitted use of marijuana almost every day and his refusal to seek treatment"]). The deplorable and unsanitary condition of the mother's apartment lends further support to the Family Court's neglect finding (*Matter of Ze'Nya G. [Nina W.]*, 126 AD3d 566 [1st Dept 2015]).

The mother's appeal from the dispositional order is dismissed as academic. The order was superseded by a permanency hearing order, from which no appeal was taken (*Matter of Skye C. [Monica S.]*, 127 AD3d 603, 604 [1st Dept 2015]). In any event, the mother's objection to the visitation terms of the dispositional order are without merit, as the order does not grant the children an unconditional "veto" power over her visitation, but simply directed the agency to schedule visits if and when either the children or the mother requested them.

We have considered the mother's remaining contentions and find them unavailing. Concur—Friedman, J.P., Richter, Mazzarelli and Gische, JJ.