Matter of S.H. (Patricia W.) (2019 NY Slip Op 07487)





Matter of S.H. (Patricia W.)


2019 NY Slip Op 07487


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Friedman, J.P., Renwick, Kapnick, Gesmer, Kern, JJ.


10102A 10102

[*1] In re S.H. and Another, Children Under Eighteen Years of Age etc., Patricia W., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the child S.H.
Carol L. Kahn, New York, attorney for the child Jasmine H.'S.



Order of disposition, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about January 23, 2018, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about December 13, 2017, which found that respondent mother neglected the subject children, unanimously affirmed, without costs. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The findings of neglect were supported by a preponderance of the evidence (see Family Ct Act § 1012[f][i][B]; § 1046[b][i]). Such evidence shows that the mother neglected the children by repeatedly placing her then 18-month-old daughter (J.) in the control of her nine-year-old son (S.) for brief periods of time while the children were sent to retrieve mail from the lobby of their building. S. had a history of emotional and behavioral issues that made this particularly inappropriate. Prior to the incident that led to S's. removal from the mother's home, the mother had failed to continue with recommended therapy for S. after his school disciplined him for offering to give a female classmate money for sex. In addition, the mother was aware that S. had engaged in dangerous and destructive behavior, including attempting to set fires, and had expressed extreme jealousy of J., even prompting him to write a letter to the mother expressing that he felt unloved. Despite this history and the fact that J. was just 18 months old and still learning to walk on stairs, on numerous occasions, the mother encouraged S. to walk with J. down multiple flights of stairs without adult supervision. On at least one of these occasions, S. engaged in sexual behavior with J. while alone with her in the building's elevator, which was discovered only after a building manager reviewed the elevator's surveillance video. Thus, the mother's judgment was so impaired
as to expose J. to substantial risk of harm (see Matter of Serenity P. [Shameka P.], 74 AD3d 1855, 1856 [4th Dept 2010]). Furthermore, the mother failed to adequately address S.'s [*2]emotional and psychiatric needs, thereby adversely affecting his mental health and posing a risk to other children (see Matter of Sayeh R., 91 NY2d 306, 315 [1997]; see also Matter of Faridah W., 180 AD2d 451, 452 [1st Dept 1992], lv denied 80 NY2d 751 [1992]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK