Matter of Cemi A. (Rayna A.) (2020 NY Slip Op 07485)





Matter of Cemi A. (Rayna A.)


2020 NY Slip Op 07485


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Kapnick, J.P., Mazzarelli, Singh, Kennedy, JJ. 


Docket No. NN-15036/17 Appeal No. 12652-12652A Case No. 2019-241 

[*1]In the Matter of Cemi A., A Child Under Eighteen Years of Age, etc., Rayna A., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Steven P. Forbes, Jamaica, for appellant.
James E. Johnson, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Jane Pearl, J.), entered on or about December 19, 2018, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about December 11, 2018, which found that respondent mother medically neglected the subject child, unanimously affirmed, without costs. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence supports the court's finding that respondent medically neglected the child by withholding or delaying consent for necessary treatment and procedures for the child, who had a congenital short bowel condition and needed assistance feeding, and that the withholding or delaying of consent resulted in impairment or the risk of impairment of the child's condition (see Family Court Act § 1012[f][i][A]; Matter of Nadia S. [Ron S.], 138 AD3d 526, 527 [1st Dept 2016]; Matter of Faridah W., 180 AD2d 451 [1st Dept 1992], lv denied 80 NY2d 751 [1992]). Respondent opposed the reinsertion of a nasogastric (NG) tube to keep the child hydrated, objected to the drawing of blood necessary to assess the child's nutritional status and hydration, delayed consenting to the replacement of the NG-tube with a gastrostomy tube, which resulted in unnecessary discomfort to the child, food aversion, and the risk of choking, and refused to consent to the child's immediate transfer from a sub-acute care facility to an acute care facility when he was found to be suffering from potentially fatal hypovolemic shock due to dehydration.
We have considered respondent's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020