■ In the Matter of CASSANDRA M. and Others, Children Alleged to be Neglected. MONTGOMERY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANDREAS N. et al., Appellants. [689 NYS2d 279] —Spain, J. Appeals (1) from two orders of the Family Court of Montgomery County (Going, J.), entered March 6, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' children to be neglected, and (2) from an order of said court, entered March 6, 1998, which issued an order of protection against respondents.

On September 25, 1997 petitioner filed a neglect petition alleging, *inter alia*, that respondents had neglected their three children, two of whom are their biological children and the third being the biological child of respondent mother and stepchild of respondent father. Thereafter, respondents appeared, were assigned counsel and a fact-finding hearing was scheduled for December 9, 1997. In early November respondents vacated their apartment and drove with the children to Texas to visit the father's sister. They packed many of their belongings in a trailer attached to their car and, upon their arrival in Texas, the father looked for work and eventually enrolled in a local college while the mother sought public assistance for the family. As the date of the fact-finding hearing drew near, respondents claim to have attempted to return to New York but assert that they could not afford to do so.

Without contacting Family Court or their respective attorneys, respondents failed to personally appear in court on the day of the scheduled fact-finding hearing. Petitioner had its witnesses available and was ready to proceed; however, at the court's suggestion, petitioner's attorney moved to grant the petition against respondents by default. Without holding a fact-finding hearing and over the objection of respondents' attorneys, who were present along with the Law Guardian, the court granted petitioner's motion finding, without the presentation of any proof, that the allegations in the petition were deemed proven because of respondents' default, and set the matter down for disposition.

On the day of the scheduled dispositional hearing respondents appeared with their attorneys and moved to reopen the fact-finding default. After a hearing pursuant to Family Court Act § 1042 limited to the circumstances surrounding respondents' failure to appear, Family Court held that respondents had willfully refused to appear on the day of the scheduled fact-finding hearing and denied their request to reopen the default. Two dispositional orders were thereafter entered placing respondents and the children under the supervision of petitioner for one year. The court also issued an order of protection directing that respondents refrain from, *inter alia*, assaulting or harassing each other in the presence of the children. Respondents appeal.*

Respondents' failure to appear in person at the scheduled fact-finding hearing does not automatically constitute a default

---

* The order of protection entered March 5, 1998 expired on January 26, 1999. There being nothing in the record to indicate that this order has been extended or renewed, the appeal of said order is deemed moot and must be

(see, *Matter of Jennifer DD.*, 227 AD2d 675, 676; *Matter of Cecelia A.*, 199 AD2d 582, 583). This is especially true where, as here, respondents did appear by their assigned counsel who objected to petitioner's default motion and who, given the opportunity, could have proceeded to a hearing and defended their absent clients (*compare, Matter of Semonae YY.*, 239 AD2d 716). Although respondents' attorneys did not make offers of proof or offer to cross-examine witnesses, they were unable to do so because Family Court did not hold a hearing with respect to the facts alleged in the neglect petition. We conclude that respondents did not default and that Family Court erred in not conducting a fact-finding hearing.

In our view, the proper course would have been to require petitioner to present its proof, especially where petitioner was ready to proceed (as we would expect on the day of a scheduled fact-finding hearing) and respondents' attorneys and the Law Guardian were present. Notably, the first sentence of Family Court Act § 1042 states that "[i]f the parent or other person legally responsible for the child's care is not present, the court may proceed to hear a petition under this article only if the child is represented by counsel, a law guardian, or a guardian ad litem". This language implies that, even in the absence of respondents, the fact-finding hearing should have proceeded so long as the children were represented, as they were here. It has been observed that the purpose of the language in the first sentence "is to ensure that there is a full and orderly exploration of the evidence and facts surrounding the alleged abuse and neglect even if the parents are absent" (Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1042, at 119). Moreover, the remainder of the statute provides for a rehearing "unless the court finds that the parent or other person willfully refused to appear at the hearing" (Family Ct Act § 1042). Here, there was no fact-finding hearing in the first place. Accordingly, under the circumstances of this case, Family Court must hold a fact-finding hearing on the merits of the petition.

We have considered respondents' remaining contentions and find them to be without merit.

Cardona, P. J., Mikoll, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the orders adjudicating respondents' children to be neglected are reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Montgomery County for further proceedings not inconsistent with this

dismissed (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715; *Matter of Benjamin G.*, 228 AD2d 813, 814).

Court's decision. Ordered that the appeal from the order of protection is dismissed, as moot, without costs.