In the Matter of SHEMECO D. and Others, Children Alleged to be Neglected. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANIEL Y., Appellant. [695 NYS2d 799] —Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Respondent failed to appear in court on the scheduled day for a fact-finding hearing on a neglect petition, and Family Court granted a default order finding that respondent's three children were neglected. We reverse. "Respondent['s] failure to appear in person at the scheduled fact-finding hearing does not automatically constitute a default [citations omitted]. This is especially true where, as here, respondent[ ] did appear by [his] assigned counsel who objected to petitioner's default motion and who, given the opportunity, could have proceeded to a hearing and defended [her] absent client[ ]" (Matter of Cassandra M., 260 AD2d 961, 962-963; see, Matter of Baer, 125 Misc 2d 563, 569; Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1042, at 119). The court should have conducted a fact-finding hearing and made a determination based on the facts and evidence presented to the court (see, Matter of Cassandra M., supra). In the absence of a fact-finding hearing, there was no factual support for the finding that the children were neglected. We reject

petitioner's contention that the appeal should be dismissed on the ground that no appeal lies from an order entered upon default. Because counsel for respondent appeared on the day of the scheduled fact-finding hearing, the order was not one entered upon respondent's default (*see, Matter of Kwasi S.,* 221 AD2d 1029). We therefore reverse the order and remit the matter to Erie County Family Court to conduct a fact-finding hearing on the petition. (Appeal from Order of Erie County Family Court, Dillon, J.—Neglect.) Present—Lawton, J. P., Hayes, Wisner, Pigott, Jr., and Balio, JJ.