■ In the Matter of ABIGAIL P., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RICHARD P., Appellant, et al., Respondent. [714 NYS2d 181] —Order insofar as appealed from unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Petitioner commenced this proceeding alleging in the petition, *inter alia,* that respondent had abused his child. Although respondent failed to appear at the fact-finding hearing, his at-

torney appeared during the testimony of petitioner's first witness and advised Family Court that she had been appointed a few days earlier to replace respondent's previous attorney. She stated that she was unaware that the matter was scheduled for a fact-finding hearing and that respondent sought an adjournment because he had medical treatment for a heart condition four days prior to the hearing. The court determined that respondent was in default, but initially permitted respondent's attorney to participate in the hearing. Respondent arrived during the lunch recess, and his attorney prepared a written motion seeking to vacate the default and requesting that respondent be permitted to participate in the hearing. At oral argument on the motion, respondent stated that he did not seek a new hearing, but merely wished to participate in the hearing that was in progress. The court denied the motion in its entirety and refused to permit either respondent or his attorney to remain in the courtroom for the duration of the hearing. The court advised respondent that he could thereafter move to vacate the default. Neither respondent nor his attorney appeared at the dispositional hearing, and no further motions were made. The court determined that respondent was in default and that the child was an abused child.

"Although no appeal lies from an order entered on default [citations omitted], the order on appeal was not properly entered on default" (*Matter of Williams v Lewis,* 269 AD2d 841; *see, Matter of Shemeco D.,* 265 AD2d 860, 861). Respondent's attorney appeared at the fact-finding hearing and, indeed, cross-examined petitioner's witness during the initial phase of the hearing. Thus, the order was not entered on respondent's default (*see, Matter of Shemeco D., supra,* at 861; *see also, Matter of Cassandra M.,* 260 AD2d 961, 962-963). We therefore reverse the order and remit the matter to Erie County Family Court for a new hearing on the petition. (Appeal from Order of Erie County Family Court, Mix, J.—Abuse.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Balio, JJ.