■ In the Matter of JAMONEISHA M., a Child Alleged to be Neglected. EBONY M., Appellant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [924 NYS2d 331]—

Order of disposition, Family Court, Bronx County (Monica Drinane, J.), entered on or about November 17, 2009, which, upon a finding of neglect against respondent mother, placed the subject child with the Commissioner of Social Services until the completion of the next permanency hearing, scheduled for May 5, 2010, unanimously affirmed, insofar as it brings up for review the fact-finding determination, and appeal therefrom otherwise dismissed, without costs, as moot.

The appeal from the disposition has been rendered moot by the expiration of the order appealed from (*see Matter of Taisha R.*, 14 AD3d 410 [2005]).

The finding of neglect is supported by a preponderance of the evidence showing, inter alia, that respondent left the child with an inadequate caretaker and without providing her contact information, that she was responsible for the burn on the child's arm, and that she failed to adequately treat her own mental health issues (*see* Family Ct Act § 1012 [f]; § 1046 [a], [b]). Contrary to respondent's contention, the court properly admitted the child's out-of-court statement that the mother burned her, which was corroborated by an Office of Children and Family Services intake report (*see Matter of Nicole V.*, 71 NY2d 112, 117-118 [1987]), regardless of the absence in the petition of an allegation that respondent acted intentionally (*see* Family Ct Act § 1012 [f] [no requirement to prove intentional act]). The court also properly admitted hospital records that postdated the filing of the petition by a few days, since these records were relevant to respondent's mental health history and her failure to seek necessary treatment preceding the filing of the petition (*compare Matter of Brianna R. [Marisol G.]*, 78 AD3d 437, 438 [2010], *lv denied* 16 NY3d 702 [2011] [court properly excluded testimony regarding mother's willingness, post-petition, to exclude father from home]). The court also properly admitted a prior neglect finding against respondent with respect to her other child, since it tended to establish that respondent's inappropriate actions, such as leaving her child with an inadequate caretaker, were ongoing (*see Matter of Jennifer Q.*, 231 AD2d 429 [1996]). Concur—Gonzalez, P.J., Mazzarelli, Richter, Manzanet-Daniels and Román, JJ.