■ In the Matter of CHASE F. and Another, Children Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL G., Appellant. (Proceeding No. 1.) In the Matter of FLORENCE F., Respondent,

v Michael G., Appellant, and Tiffany F. et al., Respondents. (Proceeding No. 2.) [935 NYS2d 925]—

Stein, J.

Initially, we note that, although an appeal from an order of disposition in a permanent neglect proceeding ordinarily brings up for review all underlying orders, including an order of fact-finding (*see generally* CPLR 5501), no appeal lies here from the order adjudging the father to have permanently neglected his children because such order was entered upon the father's default (*see* CPLR 5511; *Matter of Ariane I. v David I.*, 82 AD3d 1547, 1548 [2011], *lv denied* 17 NY3d 703 [2011]; *Matter of Natalie Maria D. [Miguel D.]*, 73 AD3d 536, 536 [2010]). As for Family Court's decision to terminate the father's parental rights, rather than order a suspended judgment (*see* Family Ct Act § 631; *Matter of Anastasia FF.*, 66 AD3d 1185, 1187 [2009], *lv denied* 13 NY3d 716 [2010]), the father's counsel briefly mentioned in her closing statement the possibility of the children returning to the father's custody, but never actually

requested such a disposition. Accordingly, the father has not preserved for review his claim on appeal that a suspended judgment was warranted (*see Matter of Destiny CC.*, 40 AD3d 1167, 1169 [2007]; *Matter of James X.*, 37 AD3d 1003, 1007 [2007]). In any event, we find a sound and substantial basis in the record for Family Court's determination to terminate his parental rights.

Finally, the father lacks standing to challenge Family Court's order dismissing the grandmother's petition, as he is not an aggrieved party (*see* CPLR 5511; *Matter of Carol YY. v James OO.*, 68 AD3d 1463, 1463 [2009]). The order dismissed a petition seeking custody as against him and, in any event, his parental rights were already terminated (*see Matter of Carrie B. v Josephine B.*, 81 AD3d 1009, 1009-1010 [2011], *appeal dismissed* 17 NY3d 773 [2011]). Consequently, the father's appeal from such order must be dismissed.

Peters, J.P., Malone Jr., Garry and Egan Jr., JJ., concur.

Ordered that the order entered November 24, 2010 is affirmed, without costs.

Ordered that the appeal from the order entered April 22, 2011 is dismissed, without costs.