# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**885**

**CAF 11-01184**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF BRADLEY M.M.
-------------------------------------------
ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;                    MEMORANDUM AND ORDER

MICHAEL M., RESPONDENT-APPELLANT,
AND CINDY M., RESPONDENT.

---

PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT.

JOHN A. HERBOWY, COUNTY ATTORNEY, UTICA (DEANA D. PREVITE OF COUNSEL), FOR PETITIONER-RESPONDENT.

A.J. BOSMAN, ATTORNEY FOR THE CHILD, ROME, FOR BRADLEY M.M.

---

Appeal from an order of the Family Court, Oneida County (Joan E. Shkane, J.), entered April 27, 2011 in a proceeding pursuant to Family Court Act article 10.  The order, among other things, awarded custody of the subject child to Mr. and Mrs. Raymond M.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Oneida County, for further proceedings on the petition.

Memorandum:  Respondent father appeals from an order of disposition, which brings up for review the order of fact-finding wherein Family Court found that the father neglected the subject child (*see* CPLR 5501 [a] [1]; *Matter of Chase F. [Michael G.]*, 91 AD3d 1057, 1058, *lv denied* 19 NY3d 801).  We note that the order of fact-finding recites that it was entered upon the father's default, and it is well settled that no appeal lies from an order entered on default (*see Matter of Williams v Lewis*, 269 AD2d 841, 841).  Nevertheless, we agree with the father that the court erred in entering the fact-finding order on his alleged default (*see id.*).  Here, the father's failure to appear at the scheduled court appearance did not constitute a default inasmuch as the father's attorney advised the court that he was authorized to proceed in the father's absence, and the father's attorney objected to the entry of a default order (*see Matter of Shemeco D.*, 265 AD2d 860, 860; *Matter of Cassandra M.*, 260 AD2d 961, 962-963).  On the merits, we conclude that the court erred in making a finding of neglect without first conducting a fact-finding hearing. "In the absence of a fact-finding hearing, there was no factual support for the finding that the [subject] child[ ] [was] neglected"

(*Shemeco D.*, 265 AD2d at 860).  We therefore reverse the order and remit the matter to Family Court for further proceedings on the petition (*see Williams*, 269 AD2d at 841).

Entered:  September 28, 2012                    Frances E. Cafarell
                                                Clerk of the Court