# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1071**
**CAF 14-01933**
PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF ANTHONY L., JR.
------------------------------------------------
STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES,     MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

LISA P., RESPONDENT-APPELLANT,
AND ANTHONY L., RESPONDENT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR
RESPONDENT-APPELLANT.

JESSICA M. PEASLEE, BATH, FOR PETITIONER-RESPONDENT.

VIVIAN CLARA STRACHE, ATTORNEY FOR THE CHILD, BATH.

---

Appeal from an order of the Family Court, Steuben County
(Marianne Furfure, A.J.), entered October 1, 2014 in a proceeding
pursuant to Family Court Act article 10. The order, among other
things, adjudged that respondent Lisa P. had neglected the subject
child.

It is hereby ORDERED that said appeal from the order insofar as
it concerns disposition is unanimously dismissed and the order is
affirmed without costs.

Memorandum: In this neglect proceeding pursuant to Family Court
Act article 10, respondent mother appeals from an order of disposition
that continued the placement of the subject child in the care and
custody of petitioner, Steuben County Department of Social Services,
until the completion of the next permanency hearing in October 2014.
Although the mother's challenge to the disposition is moot inasmuch as
it is undisputed that superseding permanency orders have since been
entered (*see Matter of Alexander M. [Michael M.]*, 83 AD3d 1400, 1401,
*lv denied* 17 NY3d 704; *see generally Matter of Kadyn J. [Kelly M.H.]*,
109 AD3d 1158, 1161), her appeal also brings up for review the order
of fact-finding determining that she neglected the child (*see Matter
of Bradley M.M. [Michael M.—Cindy M.]*, 98 AD3d 1257, 1258).

We reject the mother's contention that the evidence is legally
insufficient to establish neglect. Family Court Act § 1046 (a) (iii)
provides, with an exception not relevant here, that "proof that a
person repeatedly misuses a drug or drugs" to the extent that such
misuse "has or would ordinarily have the effect of producing in the
user thereof," inter alia, a substantial state of stupor or

intoxication, or a substantial impairment of judgment, is "prima facie evidence that a child of . . . such person is a neglected child." The statute thus creates a presumption of neglect in cases of repeated drug misuse, which eliminates the need for proof that the respondent's conduct resulted in at least an imminent danger of impairment to the child's physical, mental, or emotional condition (*see Matter of Samaj B. [Towanda H.-B.—Wade B.]*, 98 AD3d 1312, 1313; *Matter of Nasiim W. [Keala M.]*, 88 AD3d 452, 453; *cf.* Family Ct Act § 1012 [f] [i]).

Here, we agree with petitioner and the Attorney for the Child that the evidence at the fact-finding hearing established a prima facie case of neglect under Family Court Act § 1046 (a) (iii) based on the mother's misuse of prescription medication (*see Matter of Madison PP. [Tina QQ.]*, 88 AD3d 1102, 1103, *lv denied* 18 NY3d 802; *see generally Samaj B.*, 98 AD3d at 1313). In particular, there was evidence that the mother had been prescribed, among other things, morphine for fibromyalgia; that she admitted to a caseworker that she "had been taking more than prescribed"; that she often slurred her speech as though intoxicated in conversations with petitioner's employees; that she fell asleep during the afternoon at a time when the two-year-old child was awake and she was his sole caretaker; that the child's father did not believe the child to be safe alone with her overnight; and that she once bought and smoked marihuana to deal with the effects of morphine withdrawal. We note that Family Court declined to credit the mother's testimony "to any degree," and that its credibility determinations are entitled to great deference (*see Matter of Holly B. [Scott B.]*, 117 AD3d 1592, 1592).

To the extent that the presumption set forth in Family Court Act § 1046 (a) (iii) may not have been the basis for the court's finding of neglect, we conclude that we are not precluded from affirming the order based on that presumption inasmuch as "the authority of this Court to review the facts is as broad as that of Family Court" (*Matter of David R.*, 39 AD3d 1187, 1188). In view of our determination, we do not address the mother's remaining challenges to the sufficiency of petitioner's proof.

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court