■ In the Matter of DALEENA T. and Another, Children Alleged to be Neglected. WANDA W. et al., Appellants; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [42 NYS3d 824]—

Appeals from amended fact-finding order, Family Court, New York County (Susan K. Knipps, J.), entered on or about September 2, 2015, which, after a fact-finding hearing, found that respondent parents neglected the subject children, unanimously dismissed, without costs. Appeal from order of disposition, same court and Judge, entered on or about September 2, 2015, which placed the subject children with petitioner Administration for Children's Services (ACS) until

the next permanency hearing scheduled for April 20, 2016, unanimously dismissed, without costs, as academic.

The appeals from the fact-finding order are dismissed because the parents defaulted in appearing at the continued fact-finding hearing and did not move to vacate their default (*see Matter of Sandra J.*, 25 AD3d 360 [1st Dept 2006]).

In any event, the record establishes that respondents neglected the subject children. It is undisputed that respondent father, who had a long-standing history of mental illness, left his infant son in a stroller on the street unattended for half an hour, thereby exposing the child to risk of imminent harm (*see Matter of Malachi H. [Dequisa H.]*, 125 AD3d 478 [1st Dept 2015]).

Regarding respondent mother, the record shows that she refused to comply with orders of protection barring the father from the home, continued to leave the children in his custody after the incident, did not acknowledge that he posed a danger to the children, and refused to cooperate with ACS supervision or sign a release to permit ACS to verify her claim that she was receiving therapy (*see Matter of Beautiful B. [Damion R.]*, 106 AD3d 665 [1st Dept 2013]). There exists no basis to disturb the Family Court's credibility determinations (*see Matter of Irene O.*, 38 NY2d 776 [1975]).

Although the mother appeared at the dispositional hearing, her appeal from that order is dismissed as academic since it expired on its own terms (*see Matter of Fred Darryl B.*, 41 AD3d 276 [1st Dept 2007]). Concur—Acosta, J.P., Renwick, Andrias, Saxe and Gische, JJ.