Matter of Daniel P. (Noheme P.--David P.) (2020 NY Slip Op 00077)





Matter of Daniel P. (Noheme P.--David P.)


2020 NY Slip Op 00077


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Friedman, J.P., Webber, Singh, Moulton, JJ.


10700A 10700

[*1] In re Daniel P., A Child Under the Age of Eighteen Years, etc., Noheme P., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent. 
David P., Nonparty Respondent.


Andrew J. Baer, New York, for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York (Jonathan A. Popolow of counsel), for Administration for Children's Services, respondent.
Carol L. Kahn, New York, for David P., respondent.
The Law Office of Steven P. Forbes, Jamaica (Steven P. Forbes of counsel), attorney for the child.



Appeal from order of disposition, Family Court, Bronx County (Michael Milsap, J.), entered on or about May 3, 2018, which, based upon a fact-finding determination that respondent mother neglected the subject child, Daniel P., released the child for 12 months into Administration of Children's Services' (ACS) supervised custody of his nonrespondent father, David P., unanimously dismissed, without costs, as moot. Appeal from order of fact-finding, same court and Judge, entered, on the mother's default, on or about December 20, 2017, unanimously dismissed, without costs, as taken from a nonappealable paper.
The mother argues, for the first time on appeal, that Family Court (and this Court, in its August 30, 2018 order granting poor person relief) was incorrect to state the order of fact-finding was issued on her default. Even were we to consider this unpreserved argument (see Matter of Twania B. v James A.B., 172 AD3d 643 [1st Dept 2019]; Matter of Toshea C.J., 62 AD3d 587 [1st Dept 2009]), we would reject it, as the record belies her characterizations. She eventually appeared at the April 28, 2017 proceedings, but by the time she did so, records from her treatment and evaluation at Lincoln Hospital, on which the fact-finding order was heavily based, had already been admitted into evidence. Counsel was not authorized to participate in her absence and stated he would not participate until she arrived (cf. Matter of Jahira N.D. [Shaniqua S.S.], 111 AD3d 826 [2d Dept 2013]; Matter of Bradley M.M. [Michael M.- Cindy M.], 98 AD3d 1257 [4th Dept 2012]; Matter of Shemeco D., 265 AD2d 860 [4th Dept 1999]).
The mother was present at certain times, but not when most of the evidence of her neglect was submitted to Family Court. Moreover, when she was present, she did not seek to introduce any evidence to rebut the evidence of neglect. Accordingly, the fact-finding order was properly deemed to have issued on the mother's default and, as such, is not an appealable paper (Matter of George L. v Karen L., 172 AD3d 474 [1st Dept 2019]; Matter of Daleena T., 145 AD3d 628 [1st Dept 2016]).
Even were we to consider the mother's second, third and fourth appellate points, [*2]addressed to the fact-finding order, we would find she has not shown grounds to disturb the findings of neglect.
While the mother faults Family Court for granting a motion she made: specifically, to relieve Bronx Defenders as her counsel, it was she who, in the middle of fact-finding, stated she no longer wanted Bronx Defenders as counsel. The court suggested her decision was ill-timed and that, as she herself notes, their representation of her was "vigorous." Her arguments about the departure of her second court-appointed counsel are also unavailing. Again, she asked that he be relieved yet faults Family Court for acting on her request. In any case, Family Court immediately appointed her new counsel each time and, when her third court-appointed attorney sought to be relieved because she insisted that he commence frivolous proceedings, Family Court resolved the impasse by dismissing the proceedings at issue (which the mother had commenced pro se), then persuaded counsel to stay on as her attorney.
The record also belies the mother's claim to have been wrongly deprived of the opportunity to cross-examine the ACS caseworker. Notwithstanding disruptions caused by her own tardy arrival and sudden request for new counsel, Family Court was open to the possibility of reopening the caseworker's testimony, and reasonably advised counsel to first determine if cross-examination was necessary, and, if so, to make an application explaining why the testimony should be reopened. The court also presented the option that counsel might call the caseworker as the mother's witness. However, at some point counsel decided not to call the caseworker to testify. This was his strategic decision, not the result of prohibitions by Family Court that would constitute denial of due process (cf. Matter of Middlemiss v Pratt, 86 AD3d 658 [3d Dept 2011]).
Even were we to consider the mother's unpreserved argument that nonrespondent father should not have been permitted to participate in fact-finding, we would reject it. A nonrespondent parent may participate in hearings to the extent they affect temporary custody of the subject child (see Family Ct Act § 1035[d]; Matter of Kimberly RR. [Gloria RR.- Pedro RR.], 165 AD3d 1428 [3d Dept 2018]).
That the neglect findings were largely premised on the mother's alcohol abuse did not deprive her of due process. The petition alleges incidents of domestic violence, aggressive and/or bizarre behavior that constituted neglect on October 24, December 24, and December 29, 2016 — which, moreover, is alleged to have been behavior that led to her being hospitalized for treatment or evaluation. The fact-finding order was based primarily upon these incidents, and its findings of alcohol abuse were based on hospital records of the moether's hospital treatment and evaluation on these dates, i.e., events squarely alleged in the petition. The petition thus gave adequate notice of the specific dates at issue, while, at the same time, alleged conduct on those dates in a manner broadly enough to encompass the court's eventual findings (cf. Matter of Vallery P.[Jondalla P.], 106 AD3d 575 [1st Dept 2013]; Matter of Blaize F., 50 AD3d 1182 [3d Dept 2008]; Matter of Joseph O., 28 AD3d 562 [2d Dept 2006]). Notably, the mother does not argue the events of those dates were inadequate to support a finding of neglect (cf. Matter of Amier H. [Shellyann C.H.], 106 AD3d 1086 [2d Dept 2013]).
Her appeal from the order of disposition is moot, since it has expired by its own terms (see Matter of Baby Boy W. [Jessica W.], 170 AD3d 538 [1st Dept 2019]; Matter of Gabriel N., [*3]144 AD3d 443 [1st Dept 2016]; Klam v Klam, 239 AD2d 390 [2d Dept 1997]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK