Matter of Lila JJ. (Danelle KK.) (2020 NY Slip Op 01216)





Matter of Lila JJ. (Danelle KK.)


2020 NY Slip Op 01216


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

527030

[*1]In the Matter of Lila JJ., Alleged to be a Neglected Child. Cortland County Department of Social Services, Respondent; Danelle KK., Appellant.

Calendar Date: January 14, 2020

Before: Clark, J.P., Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Cortland County Department of Social Services, Cortland (Stacy L. Banewicz of counsel), for respondent.
Mark A. Schaeber, Liverpool, attorney for the child.



Devine, J.
Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered June 11, 2018, which, in a proceeding pursuant to Family Ct Act article 10, denied respondent's motion to vacate a prior default order.
Petitioner commenced this proceeding alleging that respondent had neglected her grandchild (born in 2011), who lived with respondent and over whom respondent shared legal custody with the child's mother. Following a preliminary hearing at which respondent failed to appear, the child was temporarily placed in the father's care. Respondent failed to appear at the next court appearance as well, resulting in a finding of default and an order adjudicating her to have neglected the child. Following a dispositional hearing, at which respondent also failed to appear, Family Court issued a dispositional order on default that awarded joint legal custody of the child to her parents and placed her in the physical care of her father. Respondent thereafter moved to vacate the order of fact-finding that had been entered nine months earlier. Family Court denied the motion and respondent appeals.
We reverse. To begin, although Family Court and the parties assessed whether respondent was entitled to vacatur under "the default mechanism of CPLR 5015 and 5511," the standard set forth by Family Ct Act § 1042 controls in this Family Ct Act article 10 proceeding (Matter of Geraldine Rose W., 196 AD2d 313, 316-317 [1994], lv dismissed 84 NY2d 967 [1994]; accord Matter of Jennifer DD., 227 AD2d 675, 676 [1996]; compare Matter of Prince CC., 66 AD3d 1167, 1167-1168 [2009]). If a "person legally responsible for the child's care" has been notified of a pending fact-finding hearing and fails to attend (Family Ct Act § 1041 [a]; see Family Ct Act § 1012 [g]), Family Court is free to conduct the hearing so long as the child is represented by counsel (see Family Ct Act § 1042). Respondent is such a person and, upon her timely motion to vacate the fact-finding order, Family Court was obliged to grant vacatur and reopen the hearing if she showed "a meritorious defense to the petition . . . [unless she] willfully refused to appear at the hearing" (Family Ct Act § 1042; see Matter of Jack NN. [Sarah OO.], 173 AD3d 1499, 1501 [2019], lvs denied 34 NY3d 904 [2019]; Matter of Samantha P. [William C.], 127 AD3d 1094, 1095 [2015]).
We agree with Family Court that respondent, who was in a rehabilitation facility following knee surgery but made no effort to either appear in person or complete an application to appear telephonically, refused to attend the appearance that resulted in her default. Respondent was only notified to appear for a conference, however, and she could not willfully absent herself from a fact-finding hearing that she did not know was going to occur. Indeed, inasmuch as Family Court deemed the allegations in the petition to be proven by virtue of respondent's absence instead of following "the proper course" of "requir[ing] petitioner to present its proof," a fact-finding hearing never occurred (Matter of Cassandra M., 260 AD2d 961, 963 [1999]). It was an impossibility for respondent to default in attending a hearing that she did not know was going to happen and did not, in fact, happen. Respondent was further unable to challenge details of petitioner's evidence in the absence of a hearing and, the strength of petitioner's proof remaining a mystery, we deem the denials in respondent's affidavit sufficient to set forth a meritorious defense. Under these circumstances, and noting both the preference for resolving disputes on their merits and the less rigorous application of rules for the vacatur of defaults in matters involving the care of children (see Matter of Precyse T., 13 AD3d 1113, 1114 [2004]; Matter of Buel v Buel, 263 AD2d 561, 563 [1999]), the default order of fact-finding should have been vacated so that "a fact-finding hearing on the merits of the petition" could be conducted (Matter of Cassandra M., 260 AD2d at 963; see e.g. Matter of Neithan CC., 56 AD3d 1000, 1001 [2008]). The order of disposition, which cannot be rendered before a fact-finding and then a dispositional hearing, fails as a consequence (see Family Ct Act § 1047 [a]; Matter of Debra VV., 52 AD2d 960, 960 [1976]).
Respondent's remaining contention regarding the temporary removal of the child, to the extent it is properly before us, has been examined and lacks merit. The temporary removal order shall remain in effect pending further proceedings before Family Court.
Clark, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion granted and matter remitted to the Family Court of Cortland County for further proceedings not inconsistent with this Court's decision.