Matter of Samiyah H. (Sammie H.) (2020 NY Slip Op 05812)





Matter of Samiyah H. (Sammie H.)


2020 NY Slip Op 05812


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Friedman, J.P., Manzanet-Daniels, Kern, Moulton, JJ. 


Docket No. NN17209/19, NN-17210/19 Appeal No. 12080-12081 Case No. 2020-00162, 2020-00093 

[*1]In re Samiyah H., and Another, Children Under Eighteen Years of Age, etc., Sammie H., et al., Respondents-Appellants, Administration for Children's Services, Petitioner-Respondent.


Steven P. Forbes, Jamaica, for Sammie H., appellant.
Andrew J. Baer, New York, for Shanae B., appellant.
James E. Johnson, Corporation Counsel, New York (Ellen Ravitch of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the children.



Order of fact-finding and disposition, Family Court, Bronx County (David J. Kaplan, J.), entered on or about December 17, 2019, after a hearing, to the extent it found that respondents neglected the subject children, unanimously affirmed, without costs.
The court correctly found that petitioner agency proved derivative neglect of the subject children by a preponderance of the admissible evidence showing that respondents had neglected the children's older siblings (see Family Court Act §§ 1012[f]; 1046[a][i], [b]). The records concerning the older siblings were contained in the Connecticut Department of Children and Families' (DCF) file of a 2014 proceeding in Connecticut, which petitioner introduced into evidence. Respondents contend that the Connecticut evidence lacked a proper foundation, but they do not explain why the written delegation of authority and certification that accompanied the file were insufficient (see Family Court Act § 1046[a][iv]; Matter of Sincere S. [Jahquan S.], 176 AD3d 1072, 1074 [2d Dept 2019], lv denied 35 NY3d 911 [2020]; Matter of Anthony C., 59 AD3d 166 [1st Dept 2009]). Although respondents complain broadly that the file, which included investigation notes and materials, contained hearsay, they do not identify the inadmissible hearsay that the court supposedly relied on (see Matter of Alford Isaiah B. [Alford B.], 107 AD3d 562 [1st Dept 2013]). To the extent there was error in the wholesale admission into evidence of the DCF file (see Matter of Leon RR, 48 NY2d 117, 121 [1979]), we deem the error harmless, given the nonhearsay evidence supporting the derivative neglect determination and the negative inference that the court appropriately drew from respondents' failure to testify (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73 [1995]).
The court based its determination on the Connecticut court orders, whose admissibility respondents do not challenge. As to the younger of the Connecticut children, the orders are proof of findings of neglect and abandonment against the mother and proof of the termination of her parental rights; as to the older, the orders are proof of findings of neglect and abandonment against both parents and the termination of both parents' parental rights. Although the court cited certain information obtained by DCF in connection with the Connecticut case, nonhearsay evidence presented in the course of these proceedings supports the court's key findings, that respondents failed to gain any insight from the termination of their parental rights with respect to the Connecticut children and that they lack parental judgment, which is a generally reliable indicator that a parent who has neglected one child will place the other children in his or her care at substantial risk of harm (see Matter of Samuel A.R. [Soya R.], 179 AD3d 702, 703 [2d Dept 2020]; Matter of Daniela P.C. [Maria C.A.], 166 AD3d 423, 424 [1st Dept 2018]; Matter of Naitalya B. [Melissa B.], 150 AD3d 441 [1st Dept 2017]).
Respondents' overall inability or unwillingness to accept responsibility for the findings of neglect and abandonment and the termination of their parental rights in the Connecticut proceedings was revealed during petitioner's investigation in this case, and their arguments on appeal only reinforce the point. Neither acknowledges his or her apparent disappearance from Connecticut and abandonment of the children in May 2014. The father tries to use this to his advantage, arguing that DCF has not even been in contact with him since then. His suggestion that the Connecticut children were removed simply because he and the mother were hospitalized does not even try to account for the subsequent termination of their parental rights. Moreover, contrary to the father's contention, the court properly took the infant Omega's accidental death into consideration in this neglect case (see Matter of Jamoneisha M. [Ebony M.], 84 AD3d 650 [1st Dept 2011]). The mother refused altogether to discuss with petitioner the circumstances of the Connecticut children's removal and the termination of her parental rights and seems to blame the father for the children's removal, and neither parent tries to justify his or her failure or refusal to participate in court-ordered services or their refusal to provide petitioner with information about the Oxycodone they both were taking.
We have considered respondents' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020