Matter of Adonis H. (Enerfry H.) (2021 NY Slip Op 05627)





Matter of Adonis H. (Enerfry H.)


2021 NY Slip Op 05627


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Gische, J.P., Moulton, González, Kennedy, Scarpulla, JJ. 


Docket No. NN-15928/18 NN-15929/18 Appeal No. 14352-14352A Case No. 2020-04827 

[*1]In the Matter of Adonis H. and Another, Children Under 18 Years of Age etc., Enerfry H., Respondent-Appellant, Administration for Children's Services for the City of New York, Petitioner-Respondent. 


Steven P. Forbes, Huntington, for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Jessica Miller of counsel), for respondent.
Carol L. Kahn, New York, attorney for the children.



Order of disposition, Family Court, Bronx County (Fiordaliza A. Rodriguez, J.), entered on or about November 16, 2020, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about September 22, 2020, which found that respondent father neglected the subject children, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The findings of neglect are supported by a preponderance of the evidence (see Family Court Act §§ 1012[f][i][B]; 1046[b][i]). Petitioner, Administration for Children Services (ACS), established its prima facie case of neglect pursuant to Family Court Act § 1046(a)(iii) through the investigative progress notes that were prepared by an ACS caseworker, which reported that the father admitted to being addicted to Percocet, was taking the drug in excess of what was prescribed, and was purchasing Percocet illegally after his doctor became suspicious and stopped prescribing it. This evidence established a prima facie case for neglect, and therefore, ACS did not have to establish either actual impairment of the children's physical, mental, or emotional condition, or specific risk of impairment (see Matter of Darrell W. [Tenika C.], 110 AD3d 1088, 1089 [2d Dept 2013], lv denied 23 NY3d 904 [2014]). Respondent failed to rebut ACS's prima facie case by showing that he was regularly participating in treatment (Family Court Act § 1046[a][iii]; Matter of Dior S. [Latisha H.], 160 AD3d 495, 496 [1st Dept 2018]).
The court properly drew a negative inference from the fact that respondent, while present at the hearing, did not testify (see Matter of Chad Nasir S. [Charity Simone S.], 157 AD3d 425, 426 [1st Dept 2018]), and properly inferred that he implicitly admitted that his out-of-court-statements were true (see Matter of Mia B. [Brandy R.], 100 AD3d 569, 569 [1st Dept 2012], lv denied 20 NY3d 858 [2013]). The fact that respondent entered a drug treatment program sometime after the petitions were filed against him is of no moment (see Matter of Dior S., 160 AD3d at 196).
Respondent's contention that an inadequate foundation was laid for the admission of the ACS's investigative progress notes because the ACS supervisor failed to testify whether the caseworker had the obligation to make those entries is unpreserved (see Matter of Isaiah R., 35 AD3d 249, 249 [1st Dept 2006]). Were we to review the claim, we would find that the notes are admissible as business records. The supervisor's testimony established that the notes were made in the ordinary course of ACS's business and ACS has a statutory duty to maintain a comprehensive case record for the children, containing reports of any transactions or occurrences relevant to their welfare (see Social Services Law § 372; 18 NYCRR 441.7[a]). Furthermore, the supervisor's testimony established that she was an ACS employee and was familiar with the agency's [*2]record-keeping practices (see Kelly v Wasserman, 5 NY2d 425, 429-430 [1959]; Matter of Brooke Louise H., 158 AD2d 425, 426 [1st Dept 1990]). Additionally, while respondent was not under a business duty to report his behavior to ACS, his out-of-court statements are admissible as an admission against interest of a party (see Penn v Kirsh, 40 AD2d 814 [1st Dept 1972]). The foregoing satisfies both aspects of the business records test (see Matter of Leon RR, 48 NY2d 117, 122-123 [1979]). Moreover, the entries based on the ACS caseworker's firsthand observations are admissible because the supervisor's testimony established that those observations were recorded shortly after the occurrences at issue (see Matter of Leon RR, 48 NY2d at 123).
To the extent the court should not have admitted the statement that the Child Protective Specialist had concerns regarding respondent's protective capacity, we deem the error harmless, given the nonhearsay evidence and the negative inference drawn by the court (see Matter of Samiyah H. [Sammie H.], 187 AD3d 540, 540-541 [1st Dept 2020]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021