Matter of Amara C. (Wanda C.) (2022 NY Slip Op 03682)

Matter of Amara C. (Wanda C.)

2022 NY Slip Op 03682

Decided on June 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 07, 2022

Before: Gische, J.P., Webber, Singh, González, Pitt, JJ. 

Docket No. NN-32551/18 Appeal No. 16091 Case No. 2021-03816 

[*1]In the Matter of Amara C., a Child Under Eighteen Years of Age, etc., Wanda C., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

The Reiniger Law Firm, New York (Douglas H. Reiniger of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amy McCamphill of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child.

Order, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about July 19, 2021, which, after a hearing, determined that respondent mother neglected the subject child, unanimously affirmed, without costs.
A preponderance of the hearing evidence establishes that respondent neglected the child (see Family Court Act § 1012 [f] [i] [B]; § 1046 [a] [iii]). This evidence, including respondent's admissions against interest, demonstrates that respondent consumed illicit drugs and alcohol during pregnancy, dropped out of her drug rehabilitation program soon after the child's birth, and was not receiving treatment for her mental illness. The evidence that respondent abused drugs, including cocaine and alcohol, to the point of loss of consciousness, during and after her pregnancy, supports a presumption of neglect, which respondent failed to rebut by showing that she had re-entered a substance abuse program (Family Court Act § 1046 [a] [iii]; see Matter of Madison M. [Jennifer P.], 140 AD3d 631, 631 [1st Dept 2016]; Matter of Yisrael R. [Jocelyn R.], 145 AD3d 491 [1st Dept 2016]). The presumption of neglect based on substance abuse, pursuant to Family Court Act § 1046(a)(iii), "obviates the need to present proof of the child's physical, emotional or mental impairment or an imminent risk thereof as a consequence of the parent's behavior" (Matter of Nasiim W. [Keala M.], 88 AD3d 452, 453 [1st Dept 2011]).
The finding of neglect is also supported by the evidence that respondent suffers from an untreated mental illness, bipolar disorder, which "interfere[s] with her judgment and parenting abilities, thus placing [the child] . . . at imminent risk of physical, mental, or emotional impairment" (Matter of Ruth Joanna O.O. [Melissa O.], 149 AD3d 32, 39 [1st Dept 2017], affd 30 NY3d 985 [2017]; see Matter of Daleena T. [Wanda W.], 145 AD3d 628, 629 [1st Dept 2016]). In particular, respondent collapsed on the sidewalk while pushing the child in her stroller, which rolled toward the street, and then was so agitated at the hospital that she had to be sedated (see Matter of Adam T. [Artur T.], 186 AD3d 1179, 1180 [1st Dept 2020]).
Certified hospital records concerning respondent's treatment during her pregnancy, which document her history of substance abuse and mental health issues and contain statements relevant to her diagnosis and treatment, are admissible under the business exception to the hearsay rule (see Matter of Zackery S. [Stephanie S.], 170 AD3d 1594, 1595 [4th Dept 2019]). The finding of neglect is not based solely on respondent's use of drugs before the child was born, but that evidence is relevant to her long-standing substance abuse problems and mental health conditions, and it was properly considered in conjunction with other evidence of her conduct after the child's birth (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 75, 79-80 [1995]; Matter of Yisrael R., 145 AD3d at 492).
THIS CONSTITUTES THE DECISION [*2]AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 7, 2022