Matter of P. A. (Joseph M.) (2023 NY Slip Op 03432)

Matter of P. A. (Joseph M.)

2023 NY Slip Op 03432

Decided on June 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2023

Before: Webber, J.P., Singh, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Docket No. NN-02375/20, NN-02676/20 Appeal No. 548-548A Case No. 2022-03501 

[*1]In the Matter of P. A., and Another, Children Under Eighteen Years of Age, etc., Joseph M., Respondent, Kathleen A., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Philip Katz, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amanda Abata of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.

Appeal from order of disposition, Family Court, Bronx County (Cynthia Lopez, J.), entered on or about April 5, 2022, which, on consent and based upon a fact-finding determination that respondent mother neglected the subject children, placed the children in the custody of the Commissioner of Social Services until completion of the next permanency hearing, unanimously dismissed, without costs, as taken by a nonaggrieved party. Appeal from order of fact-finding, same court (Michael R. Milsap, J.), entered on the mother's default on or about December 6, 2021, unanimously dismissed, without costs, as taken from a nonappealable paper.
Because the fact-finding order was issued on the mother's default, it is not appealable as of right and her remedy was to move to vacate (CPLR 5511; see also Matter of Daniel P. [Noheme P.], 179 AD3d 436, 437 [1st Dept 2020]; Matter of Daleena T. [Wanda W.], 145 AD3d 628, 629 [1st Dept 2016]). Although the mother appeared on the final date of the inquest after petitioner's witnesses had testified, she was not present during the majority of the fact-finding hearing, and her counsel was not authorized to proceed in her absence (see Daniel P., 179 AD3d at 437). The mother also did not offer any evidence or seek to testify.
Furthermore, no appeal lies from the dispositional order, as it was entered on the mother's consent and she is therefore not an aggrieved party under CPLR 5511 (see Matter of Gabrielle N.N. [Jacqueline N. T.], 171 AD3d 671, 672 [1st Dept 2019]). The mother's appeal from that order is also moot because it has been superseded by later orders (id.).
Were we to consider the mother's appeal on the merits, we would find that she has not shown grounds to disturb the finding of neglect, which was supported by a preponderance of the evidence. The court properly took the strongest negative inference from the mother's failure to testify (see Matter of Samiyah H. [Sammie H.), 187 AD3d 540, 541 [1st Dept 2020]; Matter of Karime R. [Robin P.], 147 AD3d 439, 441 [1st Dept 2017]). In addition, the testimony at the inquest showed that the mother failed to provide the children with food and basic necessities (see Matter of Jada J. [Reginald J.], 210 AD3d 499, 500 [1st Dept 2022]) and failed to ensure that one of the children, K.M., who has extensive special needs, received adequate medical care (see Matter of Nadia [Ron S.], 138 AD3d 526, 527 [1st Dept 2016]). The testimony also established that the mother misused drugs (see Matter of Sadiq H. v Karl H., 81 AD3d 647, 647 [2d Dept 2011]).
Regardless of whether the toxicology report, indicating the mother tested positive for cocaine, was properly admitted into evidence, the neglect finding was supported by the undisputed testimony about failure to provide basic necessities and medical care, and the negative inference the court drew from the mother's failure to testify (see Samiyah H., 187 AD3d at 541).
We have considered the mother's remaining arguments and find them unavailing[*2]. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2023