Matter of L.B. (Joe B.) (2024 NY Slip Op 02137)

Matter of L.B. (Joe B.)

2024 NY Slip Op 02137

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Oing, J.P., Moulton, Mendez, Shulman, Pitt-Burke, JJ. 

Docket No. NN-15499/18 Appeal No. 2096-2096A Case No. 2023-03054 

[*1]In the Matter of L.B., a Child Under the Age of Eighteen Years, etc., Joe B., Respondent-Appellant, Commissioner of Administration for Children's Services of the City of New York, Petitioner-Respondent.

Anne Reiniger, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (ChloÉ K. Moon of counsel), for respondent.
Dawne Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child.

Order of fact-finding, Family Court, New York County (Maria Arias, J.), entered on or about March 28, 2023, which, after a hearing, found that respondent father neglected the subject child, unanimously affirmed, without costs. Appeal from order of disposition, same court and Judge, entered on or about May 15, 2023, which placed the child in the custody of the Commissioner of Social Services until the next permanency hearing, directed the father to complete a substance abuse treatment program, and imposed other conditions, unanimously dismissed, without costs, as taken by a nonaggrieved party.
The finding of neglect is supported by a preponderance of the evidence (see Family Court Act § 1046[b][i]). The caseworker testified that she spoke with the father at the hospital after the child's birth and that the father admitted he was aware that the mother was "actively using" heroin before she got pregnant and continuing until she went into a treatment facility about six or seven months into her pregnancy. After that, he would also see her when she left the facility and give her money, and, there was testimony from the father that at some point prior to giving birth, the mother lived with the father and his mother. This supports a finding that the father "neglected the child because he knew or should have known that respondent mother was abusing narcotics while she was pregnant with the child, but failed to take any steps to stop her drug use" (Matter of Ja'Vaughn Kiaymonie S. [Nathanial S.], 146 AD3d 422, 423 [1st Dept 2017]). The child was born at 36 weeks, with serious health issues requiring an extended stay in the NICU, further supporting a finding of neglect against the father (see Matter of Thamel J. [Deryck T.J.], 162 AD3d 507, 507 [1st Dept 2018]). Lastly, the court was entitled to find that the father's vague and inconsistent testimony that he assisted the mother in going to treatment facilities by carrying her bags was incredible and/or insufficient and "[t]here is no reason to disturb the court's credibility findings, which are entitled to deference" (Matter of D.B., -AD3d-, 2024 NY Slip Op 01775, *2 [1st Dept 2024], citing Matter of Irene O., 38 NY2d 776, 777 [1975]).
No appeal lies from the dispositional order, as the transcript from the dispositional hearing establishes that it was entered on the father's consent and he is therefore not an aggrieved party within the meaning of CPLR 5511 (see Matter of P.A.
[Kathleen A.], 217 AD3d 596, 597 [1st Dept 2023]). The father's appeal from that order is also moot because it has been superseded by later orders (id.).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024