Matter of L.K. (C.K.) (2026 NY Slip Op 01126)

Matter of L.K. (C.K.)

2026 NY Slip Op 01126

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Kennedy, J.P., Scarpulla, Kapnick, González, Rodriguez, JJ. 

Docket No. NN-16962/24|Appeal No. 5930|Case No. 2024-07682|

[*1]In the Matter of L.K., A Child Under Eighteen Years of Age, etc., C. K., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Daniel X. Robinson, New York, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society (Daniel Abdul-Malak of counsel), attorney for the child.

Order of disposition, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about November 19, 2024, to the extent it brings up for review a fact-finding order, same court, Judge, and date, which found that respondent mother neglected the subject child, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding of neglect is supported by a preponderance of the evidence, which established that the mother suffers from diagnosed and untreated mental illness, including PTSD, psychosis, and schizophrenia, that interfered with her judgment and parenting abilities, thus placing the child, who was less than one year old and totally dependent on her, at imminent risk of physical, mental, and emotional impairment (see Family Ct Act §§ 1046[b][i]; 1012[f][i][B]; Matter of N.A.S. [V.H.], 217 AD3d 485, 486 [1st Dept 2023]; Matter of Ruth Joanna O.O. [Melissa O.], 149 AD3d 32, 39 [1st Dept 2017], affd 30 NY3d 985 [2017]). The record shows that the mother suffers from paranoia, delusions, and psychotic behavior, and underwent multiple psychiatric hospitalizations, yet she believed that she did not need psychiatric care and had stopped taking her prescribed medication. Evidence of actual injury to the child was not required to enter a finding of neglect because there is sufficient evidence that the child was at imminent risk of harm due to the mother's untreated mental illness (see Matter of Ruth Joanna O.O. [Melissa O.], 149 AD3d 32, 41 [1st Dept 2017], affd 30 NY3d 985 [2017]).
To the extent Family Court relied on the mother's medical records, these records were admissible under the business records exception to the hearsay rule, as they related to the mother's treatment, diagnosis, and discharge (see Matter of A.M. [Adgraile E.], 233 AD3d 481, 481 [1st Dept 2024]) and were properly relied upon by the court (see Matter of Jayden S. [Shalea S.], 159 AD3d 500, 501 [1st Dept 2018], lv denied 31 NY3d 908 [2018]). Similarly, to the extent Family Court noted the mother's post-petition hospitalization, it was not improper insofar as it relates to her mental health history and failure to follow through with necessary treatment prior to the filing of the petition (see Matter of Jamoneisha M. [Ebony M.], 84 AD3d 650, 650 [1st Dept 2011], lv denied 17 NY3d 709 [2011]).
We have considered the mother's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026