■ In the Matter of HONESTI H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TED H., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of NAZARI H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TED H., Appellant, et al., Respondent. (Proceeding No. 2.) [6 NYS3d 141]—

Appeal from an order of fact-finding of the Family Court, Queens County (Mary R. O'Donoghue, J.), dated November 18, 2013. The order, insofar as appealed from, after a fact-finding hearing, found that the father neglected the subject children.

Ordered that the order of fact-finding is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contention, the Family Court's determination that he neglected the subject children was supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [f] [i]; 1046 [b] [i]). The evidence adduced at the hearing established that the father and the mother of the subject

children engaged in acts of domestic violence against each other while the children were nearby (*see Matter of Carmine G. [Franklin G.]*, 115 AD3d 594 [2014]). Based upon this evidence, as well as upon the combination of circumstances revealed in the record, including the father's admitted encouragement of the mother's illegal drug use while she was pregnant, and the adverse inference correctly made against the father based upon his failure to testify, the Family Court properly determined that the petitioner established the father's neglect by a preponderance of the evidence (*see Matter of Mohammed J. [Mohammed Z.]*, 121 AD3d 994, 994 [2014]; *Matter of Rosy S.*, 54 AD3d 377 [2008]; *Matter of Harmony S.*, 22 AD3d 972 [2005]).

The father's contention concerning the inadmissibility of the evidence of the alleged domestic violence is without merit (*see Matter of Isaiah R.*, 35 AD3d 249 [2006]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.