■ In the Matter of CORINE G., a Child Alleged to be Neglected. WILLIAM G., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [24 NYS3d 15]—

Decision and Order, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about June 9, 2014, which found that respondent father neglected the subject child and denied his Family Court Act § 1028 request to have the child released to him, unanimously affirmed, without costs, as to the finding of neglect, and the appeal otherwise dismissed as academic.

The finding of neglect is supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; see also Matter of Syed I., 61 AD3d 580, 580 [1st Dept 2009]). The record shows that the child was subject to actual or imminent danger of injury or impairment of her emotional and mental condition from exposure to repeated incidents of domestic violence committed by respondent against the child's mother, occurring in respondent's home, in close proximity to the child, and which was exacerbated by his excessive alcohol use (see Family Ct Act § 1012 [f] [i] [B]; Matter of Enrique V. [Jose U.V.], 68 AD3d 427 [1st Dept 2009]; Matter of Daphne G., 308 AD2d 132, 135 [1st Dept 2003]; Matter of Honesti H. [Ted H.], 126 AD3d 972, 973 [2d Dept 2015]; Matter of Francis S., 296 AD2d 507, 508 [2d Dept 2002]; see also e.g. Matter of Madison M. [Nathan M.], 123 AD3d 616, 616-617 [1st Dept 2014]; Matter of Carmine G. [Franklin G.], 115 AD3d 594, 594 [1st Dept 2014]).

The record also shows imminent danger to the child's care and well-being was attributable to respondent's inability to exercise a minimum degree of care in that the child appeared unkempt, smelled and had not been bathed, for a period, in early January 2012, when the mother had been forced from the apartment in order to seek help from the father's abusive and violent behavior, and the home appeared to be in disarray when left in the father's hands (see Matter of Joele Z.F. [Jacqueline M-F.], 127 AD3d 641, 641 [1st Dept 2015], lv denied 25 NY3d 914 [2015]).

Contrary to respondent's contention, there exists no basis to disturb the court's credibility determinations, which were amply supported by the record (*see e.g. Matter of Omarion T. [Isha M.]*, 128 AD3d 583, 583-584 [1st Dept 2015]).

Finally, it is settled that an appeal from a denial of an application for return of a child removed as a result of the initiation of a proceeding pursuant to Family Ct Act article 10 becomes moot at the point a decision is made on the charges of neglect or abuse (*see e.g. Matter of Jabez F. [Martha L.— Bernard F.]*, 92 AD3d 448, 448 [1st Dept 2012]). Moreover, respondent's argument to the extent that there is persisting stigma arising from a denial of a parent's Family Ct Act § 1028 motion is misplaced (*cf. Matter of C. Children*, 249 AD2d 540, 540 [2d Dept 1998]).

In any event, even assuming the issue is not academic, the evidence overwhelmingly demonstrates that the denial of respondent's request to parole the child was warranted under the circumstances. Concur—Acosta, J.P., Andrias, Manzanet-Daniels and Kapnick, JJ.