■ In the Matter of ANGELOS F., a Child Alleged to be Neglected. LEONIDAS F., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [65 NYS3d 447]—

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about May 13, 2016, which, after a hearing, found that respondent father had neglected the subject child, unanimously affirmed, without costs.

A preponderance of the evidence supports the Family Court's finding of neglect (*see* Family Ct Act § 1012 [f]). The testimony presented at the fact-finding hearing established that the father's focus on his unfounded belief that he was being surveilled as part of a conspiracy against him affected his ability to exercise a minimum degree of care and caused the child to become impaired and threatened to further impair the child's physical, mental and emotional condition (*see Matter of Caress S.*, 250 AD2d 490 [1st Dept 1998]). As a result of the father's irrational belief, he socially isolated the child by keeping him confined to an unsanitary room in a shelter most of the time. The child was found unkempt and without the resources to bathe between January 23, 2015 and February 25, 2015. The father's actions resulted in the child becoming extremely distraught, anxious and angry to the point of attempting to cause injury to himself (*see Matter of Corine G. [William G.]*, 135 AD3d 443, 443 [1st Dept 2016]; *Matter of Skye C. [Monica S.]*, 127 AD3d 603, 603-604 [1st Dept 2015]).

In addition, a preponderance of the evidence establishes that the father educationally neglected the child by failing to promptly enroll him in school, provide him with the required instruction elsewhere, and provide a reasonable justification for the child's absences (*see Matter of Kaila A. [Reginald A.—Lovely A.]*, 95 AD3d 421, 421 [1st Dept 2012]; *Matter of Jessica J.*, 57 AD3d 271, 271-272 [1st Dept 2008]).

The father was not denied effective assistance of counsel. Given the evidence that the child was found unkempt for almost one month and missed several weeks of school, the father could not have been prejudiced by any failing on the part of his counsel (*see Matter of Tyshawn Jaraind C.*, 33 AD3d 488 [1st Dept 2006]). Concur—Friedman, J.P., Kahn, Gesmer, Kern and Moulton, JJ.