Matter of Shanai W. (Sherry P.) (2023 NY Slip Op 00070)

Matter of Shanai W. (Sherry P.)

2023 NY Slip Op 00070

Decided on January 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 10, 2023

Before: Acosta, P.J., Webber, Moulton, Shulman, Higgitt, JJ. 

Docket No. NN-05850/19, NN-05851/19, NN-05852/19 Appeal No. 17048 Case No. 2021-02491 

[*1]In the Matter of Shanai W., and Others, Children Under Eighteen Years of Age, etc., Sherry P., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Kate Fletcher of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), for the child Shanai W.
Jessica Brown, Hartsdale, attorney for the children Prince S. P. and Mercy P.

Order of disposition, Family Court, Bronx County (E. Grace Park, J.), entered on or about June 11, 2021, to the extent it brings up for review a fact-finding order, same court (Elenor C. Cherry, J.), entered on or about May 21, 2021, finding that respondent mother neglected the subject children, unanimously affirmed, without costs.
Petitioner agency demonstrated by a preponderance of the evidence that the mother suffers from a mental illness which interfered with her judgment and parenting abilities, thereby placing the children at imminent risk of physical, mental or emotional impairment (see Family Ct Act § 1046[b][i]; Matter of Jayvien E. [Marisol T.], 70 AD3d 430, 435-436 [1st Dept 2010]). The record shows that the mother exhibited delusional behavior, underwent multiple hospitalizations for mental illness and stopped taking prescribed medication without consulting with her provider (see Matter of Ruth Joanna O.O. [Melissa O.], 149 AD3d 32, 39 [1st Dept 2017], affd 30 NY3d 985 [2017]; Matter of Mylah C. [Chantal C.], 159 AD3d 553 [1st Dept 2018]; Matter of Immanuel C.-S. [Debra C.], 104 AD3d 615 [1st Dept 2013]). Evidence of actual injury to the children was not required to enter a finding of neglect, since there is sufficient evidence that the children were at imminent risk of harm due to the mother's untreated mental illness (see Matter of Ruth Joanna O.O., 149 AD3d at 41). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 10, 2023