Matter of N. A. S. (V. H.--S. S.) (2023 NY Slip Op 03082)

Matter of N. A. S. (V. H.--S. S.)

2023 NY Slip Op 03082

Decided on June 08, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 08, 2023

Before: Webber, J.P., González, Rodriguez, Pitt-Burke, JJ. 

Docket No. N26838/19 Appeal No. 421-421A Case No. 2021-04396 

[*1]In the Matter of N. A. S., A Child Under Eighteen Years of Age, etc., V. H. Respondent-Appellant, Administration for Children's Services, Respondent-Respondent. S. S., Nonparty-Respondent.

Bruce A. Young, Edgewater, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amy McCamphill of counsel), for Administration for Children Services, respondent.
Rosemary Rivieccio, New York, for S. S., respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.

Order of disposition, Family Court, Bronx County (Ashley B. Black, J.), entered on or about November 1, 2021, to the extent it brings up for a review a fact-finding order, same court and Judge, entered on or about July 6, 2021, finding that respondent mother neglected the subject child, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence adduced at the fact-finding hearing established that the mother was suffering from mental illness and lacked insight into the need for treatment, and that her mental condition interfered with her judgment and parenting abilities, thus placing the child, who was a year old and totally dependent on her, at imminent risk of physical, mental, or emotional impairment (see Family Court Act § 1046[b][i]; § 1012[f][i][B]; Matter of Karma C. [Tenequa A.], 122 AD3d 415, 416 [1st Dept 2014]; Matter of Yamailiz G. [Yamara R.], 178 AD3d 610, 610 [1st Dept 2019]).
The record shows that the mother exhibited paranoia and delusions; was hospitalized several times, including once after the amended petition was filed against her; and discontinued her medication and therapy despite knowing that her therapist did not agree with her "holistic approach" to treatment (see Matter of Shanai W. [Sherry P.], 212 AD3d 447, 448 [1st Dept 2023]). Furthermore, the record shows that the mother made repeated unfounded allegations of sexual abuse against her family even after a doctor examined the child and found no evidence of abuse, and once insisted that the child was in danger while visiting the father even after the police arrived at the father's home, took photographs of the child, and showed them to her (see Matter of Chance Y. [Danielle Y.], 176 AD3d 424, 425 [1st Dept 2019], lv denied 34 NY3d 911 [2020]). This evidence supports a conclusion that because of her mental illness, the mother did not exercise the minimum degree of care required of a "reasonable and prudent parent" (see Nicholson v Scoppetta, 3 NY3d 357, 370 [2004]); Matter of Ruth Joanna O.O. [Melissa O.], 149 AD3d 32, 39 [1st Dept 2017], affd 30 NY3d 985 [2017]).
We find no grounds for disturbing the Family Court's credibility determinations (see Matter of Nathaniel T., 67 NY2d 838, 842 [1986]; Matter of Sade B. [Scott M.], 103 AD3d 519, 520 [1st Dept 2013]).
The Family Court did not violate the mother's right to due process by permitting the nonparty respondent father to participate during the hearings in accordance with Family Court Act § 1035. The transcripts from the proceeding show that the father's participation was limited to the issue of where the child should be placed. In addition, medical records were properly entered in evidence because the treating therapist's certification and delegation of authority satisfied the requirements of Family Court Act § 1046(a)(iv).
We have considered the mother's remaining arguments [*2]and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2023