Matter of Ariel A.T.R. (Timothy R.) (2023 NY Slip Op 06602)

Matter of Ariel A.T.R. (Timothy R.)

2023 NY Slip Op 06602

Decided on December 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 21, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Mendez, Higgitt, JJ. 

Docket No. NN-08001/20, NN-00109/22 Appeal No. 1291 Case No. 2022-04516 

[*1]In the Matter of Ariel A.T.R., and Another, Dependent Children Under Eighteen Years of Age, etc., Timothy R., Respondent-Appellant, Ayana G., Respondent, Administration for Children's Services, Petitioner-Respondent. 

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Diana Lawless of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the children.

Order of disposition, Family Court, Bronx County (Karen M.C. Cortes, J.), entered on or about August 5, 2022, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about May 13, 2022, which, after a hearing, found that respondent father neglected his son and derivatively neglected his daughter, Ariel R., unanimously affirmed, without costs.
A preponderance of the evidence supports Family Court's finding that the physical, mental, or emotional condition of the father's son Timothy M.T.R. had been impaired or was in imminent danger of becoming impaired as a result of the father's history of mental illness and resistance to treatment, notwithstanding the absence of proof of a definitive diagnosis of mental illness (see Family Ct Act §§ 1046[b][i]; 1012[f][i][B]; Matter of Derick L. [Catherine W.], 135 AD3d 499 [1st Dept 2016], lv denied 27 NY3d 903 [2016]; Matter of Caress S., 250 AD2d 490 [1st Dept 1998]). The evidence adduced at the fact-finding hearing established that the father received a childhood diagnosis of bipolar disorder and depression, that he lacked insight into his illness and need for treatment, and that his mental condition interfered with his judgment and parenting abilities, thus placing his infant son at imminent risk of physical, mental, or emotional impairment (see Matter of Ruth Joanna O.O. [Melissa O.], 149 AD3d 32, 39 [1st Dept 2017], affd 30 NY3d 985 [2017]; Matter of Karma C. [Tenequa A.], 122 AD3d 415, 416 [1st Dept 2014]).
The father's undisputed out-of-court statements as testified by petitioner's witness at the fact-finding hearing established that the father was not regularly taking his prescribed medication because he did not believe that he needed it until he was "very stressed out," and that he would not agree to receiving mental health treatment before the petitions were filed against him despite his admitting that he had problems with his mental health since childhood (see Matter of Jesiel C.V. [Rosalie V.], 189 AD3d 568, 568-569 [1st Dept 2020], lv denied 2021 NY Slip Op 63571 [1st Dept 2021]). Since the father did not testify, Family Court was entitled to draw a negative inference against him and properly inferred that he implicitly admitted that his out-of-court-statements were true (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79-80 [1995]; Matter of Adonis H. [Enerfry H.], 198 AD3d 478, 479 [1st Dept 2021]). The father's claim that Family Court failed to explain that the court would take a negative inference against him should he not testify at the fact-finding hearing is belied by the record, as the transcript for that hearing establishes that his counsel reassured the court that he informed the father about the consequences of not testifying.
Furthermore, the record shows that the effects of the father's mental illness, together with his resistance to treatment and lack of insight into how his illness impacted upon his ability [*2]to care for his son, who was two years old at the time of the hearing, was such that if the child were released to his care, there was a substantial probability that the child would not be adequately cared for, placing him in imminent danger (see Matter of Maxwell P. [Katherine S.], 196 AD3d 416, 417 [1st Dept 2021]; Matter of Nylah E. [Noemi C.], 184 AD3d 467, 467-468 [1st Dept 2020]). Contrary to the father's contention, there is a causal connection between the basis for the petition and the circumstances that allegedly impaired Timothy M.T.R. or placed him in imminent danger of becoming impaired, because the father told petitioner's witness that he would get very depressed if he did not smoke marijuana and that he needed to smoke the drug in order to care for his son (see Matter of Noah Jeremiah J. [Kimberly J.], 81 AD3d 37, 43 [1st Dept 2010]). There are no grounds for disturbing Family Court's credibility determinations (see Matter of Nathaniel T., 67 NY2d 838, 842 [1986]; Matter of Sade B. [Scott M.], 103 AD3d 519, 520 [1st Dept 2013]).
A preponderance of the evidence supports the finding that the father derivatively neglected his daughter (see Family Ct Act §§ 1012 [f]; 1046 [a][i], [b]; Matter of Samiyah H. [Sammie H.], 187 AD3d 540, 540 [1st Dept 2020]). The record shows that the daughter was born about a month after the fact-finding as to the neglect petition against the father regarding his son commenced, which was sufficiently close in time to the period in which the conditions underlying the father's neglect existed that his daughter would have been a neglected child if placed in his care (see Matter of Essence S. [Stephanie G.], 134 AD3d 415, 416 [1st Dept 2015]; Matter of Nhyashanti A. [Evelyn B.], 102 AD3d 470 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2023