Matter of M.M. (M.M.) (2024 NY Slip Op 05488)

Matter of M.M. (M.M.)

2024 NY Slip Op 05488

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Kapnick, J.P., Kennedy, Scarpulla, Higgitt, JJ. 

Docket No. NN-05848/21, NN-05849/21 Appeal No. 2980 Case No. 2023-03982 

[*1]In the Matter of M.M. and another, Children Under Eighteen Years of Age, etc., Administration for Children's Services Petitioner-Respondent, M.M., Respondent-Appellant. 

Steven P. Forbes, Huntington, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Martin Rowe III of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the children.

Order of fact-finding, Family Court, New York County (Clark V. Richardson, J.), entered on or about June 14, 2023, which, after a hearing, found that respondent mother neglected the subject children, unanimously affirmed, without costs.
Petitioner proved by a preponderance of the evidence that the mother had neglected the children by reason of her untreated mental illness and her failure to provide adequate supervision and guardianship, thus placing the children's physical, mental, and emotional condition at imminent risk of harm (Family Court Act § 1046 [b] [i]; see Matter of C.B. [Tiffany S.], 225 AD3d 415, 416 [1st Dept 2024]). The evidence showed that the younger child was in such distress that she took pills in a suicide attempt and both children reported that the mother, who has been diagnosed with an unspecified psychotic disorder, had been staying awake all night for days, resulting in their being kept awake because they were afraid of what she would do while they were asleep (see Matter of Shanai W. [Sherry P.], 212 AD3d 447, 448 [1st Dept 2023]; Matter of Angelos F. [Leonidas F.], 156 AD3d 506, 506 [1st Dept 2017]). Whether or not the admissible evidence established that the mother had previously been diagnosed with bipolar disorder is not dispositive, as a definitive diagnosis is not required where, as here, the evidence supports a finding that the mother suffers from a mental illness that impedes her ability to care for the children (see Matter of Ariel A.T.R., 222 AD3d 565, 566 [1st Dept 2023]).
The children's out-of-court statements concerning the mother's paranoid delusions were properly admitted into evidence because they cross-corroborated each other and were partly corroborated by other evidence, including the observations of the responding police detective and the certified hospital records (Family Court Act § 1046 [a] [vi]; see Matter of Antonio S. [Antonio S., Sr.], 154 AD3d 420, 420 [1st Dept 2017]).
Contrary to the mother's contention, the court did not find neglect based on the cluttered condition of the home. Rather, the court found that the unhealthy condition of the home was a consequence of the mother's psychotic condition.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024