Matter of Sr K' M.W. (K.W.) (2026 NY Slip Op 01010)

Matter of Sr K' M.W. (K.W.)

2026 NY Slip Op 01010

Decided on February 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 24, 2026

Before: Renwick, P.J., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Docket No. NN-00066/23|Appeal No. 5914|Case No. 2025-00890|

[*1]In the Matter of Sr K' M.W., A Child Under the Age of Eighteen Years, etc., K.W., Respondent-Appellant, New York City Administration for Children's Services, Petitioner-Respondent.

Law Office of Lewis S. Calderon, Jamaica (Lewis Calderon of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Ian M. Sinclair of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the child.

Order of disposition, Family Court, New York County (Valerie A. Pels, J.), entered on or about December 17, 2024, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about November 7, 2024, which, after a hearing, found that respondent K.W. neglected the subject child, unanimously affirmed, without costs.
A preponderance of the evidence supports Family Court's finding that the child's physical, mental or emotional condition was in imminent danger of becoming impaired as a result of respondent's longstanding history of mental illness and psychiatric hospitalizations, resistance to treatment, refusal to take prescribed medication, and recent episodes of bizarre and erratic behavior (see Family Court Act §§ 1046[b][i]; 1012 [f][i][B]; Matter of Derick L. [Catherine W.], 135 AD3d 499 [1st Dept 2016], lv denied 27 NY3d 903 [2016]; Matter of Caress S., 250 AD2d 490 [1st Dept 1998]).
Evidence of actual injury was not required to enter a finding of neglect, as there is sufficient evidence that the child is at imminent risk of harm due to respondent's untreated mental illness (see Nicholson v Scoppetta, 3 NY3d 357, 369 [2004]; Matter of Shanai W. [Sherry P.], 212 AD3d 447, 448 [1st Dept 2023]).
There are no grounds for disturbing Family Court's evaluation of the evidence, including the court's credibility determinations, as the findings were clearly supported by the record (see Matter of Nathaniel T., 67 NY2d 838, 842 [1986]; Matter of Sade B. [Scott M.], 103 AD3d 519, 520 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2026