Matter of AN.D. (A.D., J.A.) (2026 NY Slip Op 01156)

Matter of AN.D. (A.D., J.A.)

2026 NY Slip Op 01156

Decided on March 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 03, 2026

Before: Webber, J.P., Shulman, Higgitt, Rosado, Hagler, JJ. 

Docket No. NN-10336-38/21, NN-10340-42/21|Appeal No. 5976, 5976A|Case No. 2024-06827|

[*1]In the Matter of AN.D., and Others, Children Under Eighteen Years of Age, etc., A. D., Respondent-Appellant, J. A., Respondent, Administration for Children's Services, Petitioner-Respondent.

Steven P. Forbes, Huntington, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Chase Henry Mechanick of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the children.

Order of disposition, Family Court, Bronx County (Gigi N. Parris, J.), entered on or about October 29, 2024, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about April 5, 2024, finding that respondent-father neglected the subject children, unanimously affirmed, without costs. Appeal from that portion of the order of disposition, placed the children in custody of the Commissioner of Social Services until the next permanency hearing, unanimously dismissed, without costs, as moot.
Family Court did not err in sua sponte conforming the pleadings to the proof presented at the fact-finding hearing (see Family Ct Act § 1051[b]), as the record reflects that the father had a full and fair opportunity to address the amended allegations of educational neglect (see Matter of Ne-Ashia R. [Na-Ashia R.], 99 AD3d 616, 616 [1st Dept 2012]). The father's counsel received the certified school records before the father completed his direct case.
A preponderance of the evidence supports the educational neglect finding as to L.D, J.D, and An.D. (see Family Ct Act §§ 1012 [f][i][A]; 1046 [b][i]). L.D.'s certified school records demonstrate that the child was absent 34 days in the 2017-2018 school year, 61 days in the 2018-2019 school year, 17 days in the 2019-2020 school year, and 29 days in the 2020-2021 school year. The child also had to repeat kindergarten in the 2018-2019 school year and was "struggling greatly" (see Matter of Kyeley V. [Antoinette V.], 160 AD3d 468, 468 [1st Dept 2018]). J.D.'s certified school records demonstrate that the child was absent 38 days in the 2020-2021 school year and that the school sent the father a letter at least once every year between 2016 and 2021 regarding J.D.'s lagging academic performance (see Matter of Ashley S. [Rebecca S.-C.], 157 AD3d 536, 537 [1st Dept 2018]). The father testified that he had failed to enroll An.D., who was over the age of six when the underlying petition was filed, in kindergarten and was therefore unable to register the child for first grade (see Matter of Angelos F. [Leonidas F.], 156 AD3d 506, 506 [1st Dept 2017]).
The father's educational neglect of L.D., J.D., and An.D. demonstrated a fundamental defect in his understanding of his parental duties, sufficient to support a finding of derivative neglect with respect to the three other school-aged children (see Matter of Ivania L.V. [Liz C.], 139 AD3d 542, 543 [1st Dept 2016]).
The finding that the father neglected the subject children is also supported by a preponderance of the evidence (see Family Ct Act §§ 1012 [f][i][A]; 1046 [b][i]). The evidence of unsanitary conditions in the home demonstrates that the father's failure to provide a minimum degree of care threatened the children's physical, mental, and emotional health (see Matter of Corine G. [William G.], 135 AD3d 443, 443 [1st Dept 2016]). The certified medical records in evidence establish that, on October 1, 2021, L.D. suffered from genital pain, and the child's genital region tested positive for dysuria. The medical records pertaining to Ad.D., Al.D., and An.D., show that those children had multiple lice nits in their hair. The records for An.D. further noted that the child complained of mouth pain, and the child's physical examination was positive for mouth sores.
J.D.'s out-of-court statement that the child was not going to school because the child lacked clean clothing or sneakers was corroborated by the ACS caseworker's observation that, while inspecting the father's home on October 1, 2021, she and her coworker were unable to find any clean clothing for the children to wear, and some of the children "had bad body odor" (see Matter of Cerenity F. [Jennifer W.], 160 AD3d 540, 541 [1st Dept 2018]).
The appeal from the dispositional order, insofar as it directed that the children be placed in the custody of the Commissioner of Social Services until the next permanency hearing, is dismissed as moot because its placement terms have expired (see Matter of Adena I. [Claude I.], 91 AD3d 484, 484 [2012]). Were we to consider the merits of the father's appeal, we would find that the evidence established that the children's continued placement in foster care until the next permanency hearing was in their best interest (see Matter of T.R. [Jaquasia G.], 227 AD3d 530, 530 [1st Dept 2024]; Matter of Romeo C. [Perla P.], 222 AD3d 473, 474 [1st Dept 2023]). THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2026