Matter of S.F.B. (F.F.) (2026 NY Slip Op 01276)

Matter of S.F.B. (F.F.)

2026 NY Slip Op 01276

Decided on March 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2026

Before: Moulton, J.P., Pitt-Burke, O'Neill Levy, Michael, Chan, JJ. 

Docket No. NN-25160-61/24|Appeal No. 5998-5998A|Case No. 2025-02303|

[*1]In the Matter of S.F.B., And Another, Children Under Eighteen Years of Age, etc., F.F., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent. 

Steven N. Feinman, White Plains, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Amanda Abata of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the children.

Order of disposition, Family Court, Bronx County (David J. Kaplan, J.), entered on or about March 24, 2025, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about March 12, 2025, which found, after a hearing, that respondent neglected the subject children, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence supports the finding that respondent neglected the subject children and failed to provide them with adequate supervision and guardianship by reason of her untreated mental illness, which placed the children's "physical, mental, and emotional condition at imminent risk of becoming impaired" (Matter of Jacob L. [Chasitiy P.], 121 AD3d 502, 502 [1st Dept 2014]; see Family Ct Act §§ 1046[b][i]; 1012[f][i][B]; see also Matter of Ariel A.T.R. [Timothy R.], 222 AD3d 565, 566 [1st Dept 2023]; Matter of Ruth Joanna O.O. [Melissa O.], 149 AD3d 32, 39 [1st Dept 2017], affd 30 NY3d 985 [2017]).The evidence showed that respondent suffers from paranoia and bipolar disorder that interferes with her ability to care for the subject children, who were aged two and under one year old at the time the petition was filed and totally dependent upon respondent. Family Court could credit the testimony of the ACS caseworker regarding respondent's lack of insight into her own mental health. Respondent's testimony at the Family Court Act § 1028 and fact-finding hearings was sometimes rambling and incoherent and confirmed her failure to understand why the children were removed from her care.
Although it appeared the children's basic needs were being met while in respondent's care, evidence of actual injury is not required to enter a finding of neglect where there is sufficient evidence that respondent's illness interferes with her ability to care for the children, placing them at imminent risk of harm (see Matter of N.A.S. [V.H.], 217 AD3d 485, 486 [1st Dept 2023]; Matter of Yamailiz G. [Yamara R.], 178 AD3d 610, 610-611 [1st Dept 2019]; Matter of Jayden S. [Shalea S.], 159 AD3d 500, 501 [1st Dept 2018], lv denied 31 NY3d 908 [2018]). Nor was the lack of medical records demonstrating a definitive diagnosis required, given the other evidence supporting a neglect finding (see Matter of Ariel A.T.R., 222 AD3d at 566).
We have considered respondent's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 5, 2026